220 So.2d 11 (1969)
William T. MAYO, Chairman, Jerry W. Carter and Edwin L. Mason, As Members of and As Comprising the Florida Public Service Commission, Appellants,
v.
NATIONAL TRUCK BROKERS, INC., et al., Appellees.
No. 37503.
Supreme Court of Florida.
March 5, 1969.
*12 Lewis W. Petteway, Tallahassee, and M. Robert Christ, Tampa, for appellants.
J.B. Rodgers, Jr., of Rodgers & Kirkland, Orlando, for appellees.
DREW, Justice.
This is an appeal by the Public Service Commission from a final declaratory judgment of the Circuit Court of Leon County, holding that Chapter 67-319, Laws of Florida, Acts of 1967, to the extent that it increases the annual license renewal for the plaintiffs, National Truck Brokers, Inc., et al, to be invalid and unconstitutional as violative of the provisions of Section 16, Article III, Fla. Const., F.S.A.,[1] relating to the title to the act.
The trial court determined that the language in the title to the act, viz. "relating to application fees, certificate fees, permit fees, and filing fees" imposed under the provisions of the questioned act was defective and misleading and insufficient to place the plaintiffs or other interested persons on notice that the body of the act provided for increasing the annual license fees of the plaintiffs, Brokers. The well-reasoned decision of the chancellor below amply sustains his conclusions that the act is violative of the above provision of the Florida Constitution.
Appellants question that portion of the questioned judgment holding that the plaintiffs had sufficiently complied with the requirements of F.S. Section 86.091, F.S.A., relative to serving a copy of the complaint upon the Attorney General or the State Attorney of the judicial circuit in which the action was filed. In that portion of the questioned decree the trial court held:
"* * * the State Attorney has been duly apprised of the contents of the complaint, though not formally served by the sheriff or his deputy, and he has informed the Court he does not desire or intend to file any pleadings or attend any hearings in this cause. Therefore, the objects of Sec. 86.091 have been accomplished. It is deemed that the State Attorney has waived formal service of the complaint if that be required and of participating in hearings in this cause."
*13 It is obvious from the provisions of Chapter 86 that neither the Attorney General nor the State Attorney of the circuit in which the action is pending are necessary parties in the strict sense of that expression. The statute merely provides that where the constitutionality of a statute, charter, order or franchise is raised in a declaratory judgment action that a copy of the complaint shall be served on the Attorney General or State Attorney and such officers shall be entitled to be heard. While the better practice would be for the complaint to be served in the manner provided by law for the service of process, and such fact shown in the proceedings, we think the spirit of the statute was complied with under the above-quoted excerpts from the final declaratory decree. The State Attorney, after having received a copy of the complaint, advised the court that he had waived final service and did not desire to participate further in the hearing. This he had the right to do. Moreover, the defendants, Public Service Commission, was not adversely affected by such action and their right to raise this point is, at best, questionable.
Affirmed.
ERVIN, C.J., and ROBERTS, THORNAL, ADKINS, BOYD and CALDWELL (Retired), JJ., concur.
NOTES
[1] "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title * * *."