**William B. HOBBS, Plaintiff,**

v.

**TOM NORTON MOTOR COMPANY
et al., Defendants.**

**No. 73–1489–Civ–CF.**

United States District Court,
S. D. Florida.

March 26, 1974.

Stephen J. Press, Florida Rural Legal Services, Delray Beach, Fla., for plaintiff.

Thomas E. Kingcade, Heuer, Albury & Okell, West Palm Beach, Fla., for defendant, Tom Norton Motor Co.

J. Robert Olian, Asst. Atty. Gen., Miami, Fla., for Robert L. Shevin.

FULTON, Chief Judge.

This cause was considered upon plaintiff's request for a Three-Judge Court and motions to dismiss filed by defendants Tom Norton Motor Company and Attorney General Robert L. Shevin. Upon plaintiff's request that this cause be maintained as a Three-Judge case pursuant to 28 U.S.C. §§ 2281 and 2284, this cause was referred to the Honorable John R. Brown, Chief Judge of this Circuit. Hargrave v. McKinney, 302 F. Supp. 1381 (S.D.Fla.1969); Jackson v. Choate, 404 F.2d 910 (5th Cir. 1969). Judge Brown has declined to constitute a Three-Judge Court since adjudication of this cause does not involve injunctive relief restraining the action of any officer of the State in the enforcement or execution of a state statute. 28 U.S.C. § 2281.

The Fifth Circuit has clearly defined Three-Judge Court jurisdiction as follows:

It is well recognized that there are four essential requirements for the application of § 2281: (1) a state statute must be challenged; (2) a state officer or local officer performing a state function must be a party defendant; (3) injunctive relief must be sought; (4) it must be claimed that the statute is contrary to the Constitution. Wilson v. Gooding, 431 F.2d 855, 857 (5th Cir. 1970).

While the above four requirements appear to be satisfied upon a cursory review of plaintiff's complaint, careful examination of the allegations contained in the complaint and the challenged Florida statutes reveals that the second requirement is absent. Plaintiff's complaint challenges the constitutional validity of the detention and sale provisions of Florida's "Repairman's Lien" statute (or "Garagemen's Lien" statute). This action is based upon 42 U.S.C. § 1983 and seeks a declaratory judgment that Florida Statutes §§ 85.031(2), 85.031 (3), 713.58(2), 713.58(3) and 713.58 (4), F.S.A. are unconstitutional, denying plaintiff due process of law. Plaintiff does *not* challenge the statute creating the lien itself, § 713.58(1). The complaint requests a Three-Judge Court to enjoin the operation, enforcement and execution of the state statutes by the Attorney General. Briefly summarized, the Florida Statutes under attack are as follows:

1. § 85.031(2) — Remedy of lienor against personal property by sale without judicial proceedings after public notice;

2. § 85.031(3) — Remedy of lienor against personal property; motor vehicles subject to "Repairman's Lien" may be sold without judicial proceedings after public notice and notice to owner;

3. § 713.58(2) — This section makes it unlawful to remove personal property subject to a "Repairman's Lien" under § 713.58(1) without first making full payment for the charges;

4. § 713.58(3) — Stopping payment of a check to obtain possession of property subject to a "Repairman's Lien" constitutes prima facie evidence of intent to defraud;

5. § 713.58(4) — Persons violating Section 713.58 are deemed guilty of a misdemeanor with a maximum penalty of a $500 fine or three months imprisonment.

Jurisdiction is based upon 28 U.S.C. § 1343(3), civil rights jurisdiction, and 28 U.S.C. 1331, federal question jurisdiction. Plaintiff contends that the statutes are unconstitutional by authorizing detention of personal property without prior notice or hearing and a sale of personal property without prior hearing, all in violation of the Due Process Clause.

The complaint alleges that on June 10, 1972, plaintiff's stepfather took plaintiff's automobile to the predecessor automobile dealer of defendant Tom Norton Motor Company for repair. Subsequently, the defendant motor company informed plaintiff that his stepfather's check for payment of repairs was returned for insufficient funds. Defendant then notified plaintiff that the automobile would be sold at public auction pursuant to the Florida statutory sale provisions. Upon plaintiff's application for preliminary relief, this Court approved the stipulation of counsel for the parties that plaintiff's automobile would not be sold and that the automobile would be returned to plaintiff upon the posting of a $650 bond.

Upon review of the allegations of plaintiff's complaint and the statutes in question, it is clear that no justiciable controversy exists with regard to Florida Statutes § 713.58(2), (3) and (4), F. S.A. Plaintiff has not unlawfully removed the automobile in violation of subsection (2). Plaintiff did not unlawfully stop payment of a check to obtain possession of the automobile in violation of subsection (3). Although the plaintiff's stepfather could be charged with fraud in violation of subsection (3), clearly plaintiff has no standing to assert a claim on behalf of his stepfather. Plaintiff has not been charged in a criminal prosecution under subsection (4), nor has plaintiff been threatened with prosecution under any subsection of the statute. Thus, plaintiff lacks standing to litigate the constitutional validity of Florida Statutes 713.58(2), (3) and (4), F.S.A. and plaintiff's attack upon these statutes must be dismissed for lack of jurisdiction. A controversy does exist, however, with regard to the notice and sale provisions of Florida Statutes § 85.031(2), F.S.A. and in particular § 85.031(3).

Florida Statutes § 85.031(2) and (3), F.S.A. are self-help statutes enforced by the private lienholders and not by state officers. Florida Statutes § 713.58(2), (3) and (4), F.S.A. are criminal statutes requiring the action of a state officer for enforcement. Since there is no justiciable controversy with regard to the criminal statutes for lack of standing, there can be no injunction in this cause restraining action of any state officer in the enforcement of said statutes.

Moreover, the fact that actions of private individuals may or may not constitute "state action" for purposes of the Civil Rights Act, Section 1983, must be distinguished from the fact that actions of "state officers" in enforcing a state statute are necessary for purposes of Three-Judge Court jurisdiction. Utilization of the self-help provisions of the statutes by the defendant motor company does not constitute action by a state officer in the enforcement of a state statute.

In Hall v. Garson, 430 F.2d 430, 442 (5th Cir. 1970) the Fifth Circuit held:

Here the injunction is sought against the landlord [who enforced a landlord lien on tenants' personal property for non-payment of rent]. And, although he may be performing state functions for purposes of any state action requirement, this does not mean that he becomes a state officer for purpose of § 2281 . . . . [The Three-Judge Court statute was] never intended to apply to situations, as here, where a private person, although performing a function traditionally performed by the state and 'clothed with state authority,' who is acting essentially for his own benefit is to be restrained. And the fact that the person may perform a role normally that of the state surely does not create a need for comity.

The plaintiffs in *Hall* did not seek to enjoin a state officer, whereas the plaintiff in this cause has joined the Attorney General as a party defendant. Plaintiff cannot, however, create Three-Judge Court jurisdiction where none exists. The Supreme Court held in Moody v. Flowers, 387 U.S. 97, 102, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643 (1967) that:

> . . . the requirement [of Section 2281] that the action seek to enjoin a state officer cannot be circumvented 'by joining, as nominal parties defendant, state officers whose action is not the effective means of the enforcement or execution of the challenged statute.' Wilentz v̊. Sovereign Camp, 306 U.S. 573, 579–580, 59 S.Ct. 709, 83 L.Ed. 994.

Since there can be no injunction restraining the action of a state officer in this cause, Three-Judge Court jurisdiction does not exist. *Hall, supra;* Frampton v. Davis, 464 F.2d 315, 317 n. 2 (5th Cir. 1972); Hall v. New York, 359 F.2d 26 (2nd Cir. 1966); 28 U.S.C. § 2281.

### THE ATTORNEY GENERAL'S MOTION TO DISMISS

■ Attorney General Robert L. Shevin has moved to dismiss Count II of the complaint for failure to state a claim upon which relief can be granted since Florida Statutes § 85.031 et seq., F.S.A. are self-help statutes which do not authorize the Attorney General to perform or not perform any act and since criminal statute § 713.58 is not involved in this case. For the reasons stated above denying the convocation of a Three-Judge Court, it is apparent that the Attorney General is not a proper party to this action. Plaintiff maintains that the Attorney General has a duty to attack the constitutionality of a statute which is patently offensive; however, this duty does not *require* the Attorney General to be a *defendant* to every suit attacking the validity of state statutes. Nor does the fact that the State of Florida may intervene as a matter of right in certain actions *compel* the Attorney General *to intervene* in every lawsuit attacking state statutes. In summary, the Attorney General is not a necessary or proper party to this action, and he cannot be compelled to join or intervene at the instance of the plaintiff.

### TOM NORTON MOTOR COMPANY'S MOTION TO DISMISS

■ Defendant Tom Norton Motor Company has moved to dismiss the complaint for failure to state a claim on the basis of Hernandez v. European Auto Collision, Inc., 346 F.Supp. 313 (E.D.N.Y.1972), which held that the New York "Repairman's Lien" was not unconstitutional as applied. The Second Circuit recently reversed the district court's dismissal of the complaint for failure to state a claim and remanded the cause for a trial on the merits. Hernandez v. European Auto Collision, Inc., 487 F.2d 378 (2nd Cir. 1973). Judge Timbers and Judge Lumbard concurred specially in the reversal and additionally directed the district court to declare the sale provisions unconstitutional as applied if the appellant proved the allegations of the complaint.

It is the well-established rule in the Fifth Circuit that:

> a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. Cook & Nichol, Inc., v. The Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971).

Following the principles of Sniadach v. Family Finance Corp., 395 U.S. 377, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), two recent district court decisions have invalidated state repairman's lien enforcement statutes. *See,* Mason v. Garris, 360 F.Supp. 420 (N.D.Ga.1973) (Georgia repairman's lien statute providing for foreclosure of liens on automobiles without prior notice and hearing violates due process); Straley v. Gassaway Motor Co., Inc., 359

F.Supp. 902 (S.D.W.Va.1973) (West Virginia repairman's lien statute authorizing retention and sale of automobile violates due process). Thus, it is clear that the plaintiff's complaint is not subject to dismissal for failure to state a constitutional claim, although this Court intimates no views on the merits of the questions presented.

An interesting jurisdictional question which may or may not relate to this cause has not been raised by the parties. Numerous recent cases have dealt with a closely related question regarding the validity of the self-help repossession provisions pursuant to the Uniform Commercial Code. Boland v. Essex County Bank and Trust Co., 361 F.Supp. 917 (D.Mass.1973) framed the issue as follows:

> The question presented by the motions, whether self-help repossession under [the Uniform Commercial Code] is under color of state law, is one of the liveliest on the current judicial scene. At least ten federal district courts have written opinions and they are about evenly divided.

The Eighth and Ninth Circuits and the Florida Supreme Court haveheld that a secured party's self-help repossession and sale of personal property upon a debtor's default, without prior notice or hearing, is constitutional and does not constitute action under color of state law for purposes of Section 1983. Bichel Optical Laboratories v. Marquette National Bank, 487 F.2d 906 (8th Cir. 1973); Adams v. Southern California First National Bank (9th Cir. 1973); Northside Motors of Florida, Inc. v. Brinkley, 282 So.2d 617 (Fla.1973). Although these cases may be governed by the fact that a security agreement creates a contractual right to repossession and sale, an interesting question may arise as to the validity of repossession and sale under the U.C.C. should the underlying common law right to repossession and sale be invalidated. By raising this point, the Court merely acknowledges the recent development of this re-lated question and, again, expresses no opinion with regard to the applicability vel non of the cited cases to the issues presented herein. Thereupon, it is

Ordered and adjudged as follows:

1. That plaintiff's request that this cause proceed before a Three-Judge Court is denied, and this cause will proceed before the undersigned, to whom the cause was initially assigned;

2. That plaintiff's allegations challenging the constitutional validity of Florida Statutes § 713.58(2), (3), F.S.A. and (4) are hereby dismissed for lack of jurisdiction;

3. That defendant Robert L. Shevin's motion to dismiss Count II of the complaint be and the same is hereby granted; and Defendant Shevin is hereby dismissed as a party defendant to this cause;

4. That defendant Tom Norton Motor Company's motion to dismiss Count I of the complaint be and the same is hereby denied.