**FLORIDA EAST COAST RAILWAY COMPANY, Plaintiff,**

v.

**Bob MARTINEZ, Robert Butterworth, and Florida Department of Transportation, Defendants.**

**No. 90–1013–Civ–J–14.**

United States District Court, M.D. Florida, Jacksonville Division.

April 18, 1991.

Lawrence Paine, Jacksonville, Fla., for plaintiff Florida East Coast Ry. Co.

Arthur Clay Wallberg and Brian S. Duffy, Dept. of Legal Affairs, Tallahassee, Fla., for defendants Bob Martinez and Robert Butterworth.

Mark Hankins, State of Fla., Dept. of Transp., Tallahassee, Fla., for defendant Florida Dept. of Transp.

## ORDER

SUSAN H. BLACK, Chief Judge.

This case is before the Court on the Motions of Defendants Martinez and Butterworth to Dismiss, filed on December 7, 1990, and the Florida Department of Transportation's Motion to Dismiss, filed on December 10, 1990. The plaintiff filed a response in opposition on December 18, 1990. Defendants Martinez and Butterworth filed a supplemental memorandum on January 22, 1991, to which the plaintiff filed a response on February 4, 1991. The Court heard oral argument on January 23, 1991.

At issue in this case is Fla.Stat. § 351.03(4)(a), which was enacted in 1984.[1] This statute permits a municipality or county to enact ordinances which prohibit a railroad train of a railroad company operating wholly within the State of Florida from emitting an audible warning signal between the hours of 10:00 p.m. and 6:00 a.m. in advance of any properly signalized public highway grade crossing. The plaintiff contends that ordinances have been enacted which affect 511 out of 600 of its tracks. The plaintiff alleges that the night-time accident rate at these 511 crossings have increased 195% since the statute's enactment.

The plaintiff, a Florida corporation with its principal place of business in St. Augustine, has brought a six-count complaint for preliminary injunction, permanent injunction, and declaratory judgment. Count I alleges irreparable injury; Count II alleges federal preemption; Count III alleges impermissible delegation; Count IV alleges undue burden on interstate commerce; Count V alleges a violation of equal protection; and Count VI alleges a violation of due process.

## I. MOTIONS TO DISMISS

In their motion, the Governor and the Attorney General contend that the Court lacks federal question jurisdiction since the plaintiff has failed to allege any controversy between the plaintiff and these defendants.[2] The Governor and the Attorney General allege that § 351.03(4)(a) does not mention, directly or indirectly, either defendant, nor does it provide any duties or obligations for either defendant. They further contend that there is no law which requires a governor to be a party when a plaintiff attacks a state statute and the

1. Section 351.03(4)(a), states, in relevant part:

No railroad train of a railroad company operating wholly within this state may emit an audible warning signal between the hours of 10 p.m. and 6 a.m. in advance of any public railroad-highway grade crossing with train-activated automatic traffic control devices, which include flashing lights, bells, and crossing gates, where the municipality or county has in effect an ordinance that unconditionally prohibits the sounding of railroad train horns and whistles during such hours at all public railroad-highway grade crossings so signalized within that municipality or county and where the municipality, county, or state has erected signs at the crossings involved announcing that railroad train horns and whistles may not be sounded during such hours. Fla.Stat. § 351.03(4)(a) (1989).

2. The Governor and the Attorney General provide two other grounds in support of their motion to dismiss. First, they contend that the Complaint fails to state a claim against them upon which relief can be granted. Secondly, they contend that this action was brought in the wrong district. Furthermore, they point out that the plaintiff has failed to provide any specific ordinance which was enacted pursuant to the statute nor has any local government been made a party. For the reasons that follow, the Court need not address these contentions.

powers or duties of the governor are not at issue.

Additionally, the Governor and the Attorney General state that § 351.03(4)(a) does not provide any penalties. Rather, each local government which adopts an ordinance specifies a penalty for its breach. Therefore, they contend that they have no interest in the enforcement of any ordinances enacted pursuant to § 351.03(4)(a).

The Florida Department of Transportation [hereinafter "DOT"] contends that the plaintiff has not alleged that the DOT has taken or failed to take any action whatsoever with respect to § 351.03(4)(a). The DOT contends that it has no involvement with the enforcement of the municipality or county ordinances which have been enacted pursuant to § 351.03(4)(a). Furthermore, the DOT alleges that enforcing the municipal or county ordinances is not one of its duties or general powers. Therefore, the DOT alleges that it should not be a party to the suit.

In response, the plaintiff contends that the defendants' position demonstrates one of the fatal flaws of § 351.03(4)(a). The plaintiff alleges that federal law allows only a state to enact legislation relating to railroad safety. Thus, if § 351.03(4)(a) can be enforced, it can only be enforced by the state. Consequently, the plaintiff contends that the Governor is properly a party since, pursuant to Art. IV, § 1(a), Fla. Const., he is charged with the duty to take care that the laws of the state be faithfully executed. The plaintiff contends that the Attorney General is properly a party since, pursuant to Fla.Stat. § 16.01(5), he is required to appear in all cases in which the state may be interested. Lastly, the plaintiff contends that the DOT is properly a party since, pursuant to Fla.Stat. § 335.141, it has authority over all public railroad grade crossings. Furthermore, although normally the Attorney General is not a necessary party in a declaratory judgment action, the Attorney General is necessary when a party seeks to enjoin a statute's enforcement.

## II. ANALYSIS

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies." *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1203 (11th Cir.1991). Consequently, a federal court may only hear those cases in which a concrete dispute exists. *Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir. 1991).

The Court finds that § 351.03(4)(a) neither authorizes nor obligates the Governor, the Attorney General, or the DOT to perform any duties. Section 351.03(4)(a) empowers counties and municipalities to enact ordinances regarding the sounding of railroad train horns. The plaintiff's controversy is properly with those municipalities and counties which have enacted such ordinances. Those municipalities and counties are the parties who have an interest in protecting their ordinances enacted pursuant to § 351.03(4)(a). As the entities charged with enforcement of those ordinances, they are the parties with which the plaintiff has a dispute.

Additionally, the Court finds that the plaintiff has failed to provide the Court with authority which supports its argument that the Attorney General is a necessary party to this action, nor has the Court discovered such authority. Rather, the case law cited by the defendants supports the opposite conclusion. In *Hobbs v. Tom Norton Motor Co.*, 373 F.Supp. 956 (S.D. Fla.1974), the court stated that although:

the Attorney General has a duty to attack the constitutionality of a statute which is patently offensive[,] ... this duty does not *require* the Attorney General to be a *defendant* to every suit attacking the validity of state statutes. Nor does the fact that the State of Florida may intervene as a matter of right in certain actions *compel* the Attorney General *to intervene* in every lawsuit attacking state statutes.

*Id.* at 960 (emphasis in original). In *State ex rel. Shevin v. Kerwin*, 279 So.2d 836 (Fla.1973), the court stated that:

It cannot be doubted that the constitutional integrity of the laws of Florida is a matter in which the State has great inter-

est, or that the State is a proper, but not necessary, party to any determination of the constitutionality of any state statute. Since many constitutional challenges are raised in a trial court which can be simply disposed of as obviously meritless, it would be futile for the Attorney General to defend each statute against all constitutional challenges at the trial level. *Id.* at 837–38. *See also Mayo v. National Truck Brokers, Inc.,* 220 So.2d 11 (Fla. 1969) (obvious that Attorney General is not necessary party in the strict sense of that expression, he only need be served a copy of the complaint and given the opportunity to be heard); *Watson v. Claughton,* 160 Fla. 217, 34 So.2d 243, 246 (1948) (Attorney General is not a necessary party when the constitutionality of an act is assailed, Florida law only requires that he be heard).

Furthermore, the Court finds that the plaintiff has failed to provide the Court with authority which supports its argument that the Governor is a necessary party to this action, nor has the Court discovered such authority.[3] The instant case does not challenge the constitutionality of a state statute which involves the powers or duties of the Governor. Although the Governor may be entitled to notice of this proceeding, he is not a necessary party to the action. *See Miami Health Studios, Inc. v. City of Miami Beach,* 491 F.2d 98 (5th Cir.1974) (even when a three-judge federal court is convened to hear an action challenging the constitutionality of the apportionment of a statewide legislative body, the Governor is not considered a necessary party and need only be provided notice by registered mail).

Lastly, the plaintiff's contention that it seeks to enjoin the Attorney General from enforcing § 351.03(4)(a) does not alter this Court's conclusion. Rather, an analysis of this contention reveals support for the Court's conclusion. As stated above, § 351.03(4)(a) does not require or authorize the Attorney General to enforce the whistle-blowing ordinances enacted by the coun-

ties and municipalities. Thus, the Court would be enjoining the Attorney General from doing something he has no interest or authority to do.

## III. CONCLUSION

The Court finds that there is no case or controversy present between the plaintiff and the Governor, the Attorney General, or the DOT. The plaintiff's attack on § 351.03(4)(a) should be directed toward a municipality or county which has enacted a whistle-blowing ordinance pursuant to § 351.03(4)(a). Therefore, the Court will grant the Motions of Defendants Martinez and Butterworth to Dismiss, filed on December 7, 1990, and the Florida Department of Transportation's Motion to Dismiss, filed on December 10, 1990. The Court will order the Clerk of the Court to enter Judgment dismissing this action.

Accordingly, it is

ORDERED:

1. That the Motions of Defendants Martinez and Butterworth to Dismiss, filed on December 7, 1990, are granted.

2. That the Florida Department of Transportation's Motion to Dismiss, filed on December 10, 1990, is granted.

3. That the Clerk of the Court shall enter Judgment dismissing this action.

DONE AND ORDERED.

---

**3.** During oral argument, the plaintiff agreed that there was no authority in support of this argu-

ment.