875 So.2d 797 (2004)
MARTIN MEMORIAL MEDICAL CENTER, INC., et al., Appellants,
v.
TENET HEALTHSYSTEM HOSPITALS, INC., d/b/a Delray Medical Center, et al., Appellees.
No. 1D03-4567.
District Court of Appeal of Florida, First District.
June 29, 2004.
*798 Thomas F. Panza, Mark A. Hendricks and Onier Llopiz of Panza, Maurer & Maynard, P.A., Fort Lauderdale, for Appellants Martin Memorial Medical Center, Inc., Bethesda Healthcare System, Inc. and Boca Raton Community Hospital, d/b/a Boca Raton Community Hospital.
John Beranek, C. Gary Williams and Stephen C. Emmanuel of Ausley & McMullen, Tallahassee, for Appellees Tenet HealthSystem Hospitals, Inc., d/b/a Delray Medical Center; Lifemark Hospitals of Florida, Inc., d/b/a Palmetto General Hospital, and Laura Cillo. Stephen A. Ecenia and J. Stephen Menton of Rutledge, Ecenia, Purnell & Hoffman, P.A., Tallahassee, for Appellees Lawnwood Medical Center, Inc.; Columbia/JFK Medical Center Limited Partnership, d/b/a JFK Medical Center, and Fawcett Memorial Hospital, Inc. Robert E. Puterbaugh and Stephen Senn of Peterson & Myers, P.A., Lakeland, for Appellee Lakeland Regional Medical Center, Inc.
Elizabeth W. McArthur of Radey, Thomas, Yon & Clark, P.A., Tallahassee, for Appellee South Florida Hospital and Healthcare Association, Inc.
WEBSTER, J.
Appellant hospitals seek review of a summary final judgment declaring chapter 2003-289, Laws of Florida (which authorized the Florida Agency for Health Care *799 Administration (AHCA) to issue hospitals in Palm Beach, Polk, Martin, St. Lucie and Indian River Counties exemptions from certificate of need review for the establishment of open-heart-surgery programs when the applications for exemption complied with certain criteria), unconstitutional as a special or local law which had not been adopted in compliance with article III, section 10, of the Florida Constitution, and permanently enjoining AHCA from issuing any exemptions pursuant to that law. As an initial matter, appellees (who are primarily hospitals or healthcare-related entities) contend that, because the Attorney General of Florida (who represented AHCA in the trial court) has elected not to participate in this appeal in any capacity, section 86.091, Florida Statutes (2003), requires that we dismiss the appeal. We conclude that appellants are entitled to prosecute this appeal. However, on the merits, we conclude, further, that the trial court correctly held chapter 2003-289 unconstitutional. Accordingly, we affirm.

I.
Appellees sued AHCA, seeking (among other things) a declaratory judgment that chapter 2003-289, Laws of Florida was unconstitutional as a special or local law which had not been adopted in compliance with article III, section 10, of the Florida Constitution, and an injunction permanently enjoining AHCA from issuing any exemptions pursuant to that law. AHCA was represented by the Attorney General's office. Appellants, who all alleged that they were hospitals qualified to receive certificate of need exemptions pursuant to chapter 2003-289, were granted leave to intervene, and aligned with AHCA.
Appellees filed a motion for summary judgment, as did appellants and AHCA. Prior to the hearing on the motions for summary judgment, appellees had filed motions to strike affidavits filed by AHCA which related to the intent and purpose of chapter 2003-289 as inadmissible as a matter of law. At the start of the hearing the Senior Assistant Attorney General representing AHCA stated that, because the issue before the trial court involved a pure question of law, the trial court should not consider any affidavits addressing such topics, but should decide the issue based solely on the language of the law. Although represented by independent counsel, appellants did not object to, or otherwise indicate disagreement with, the statements made by the Assistant Attorney General. Following extensive argument by all parties, the trial court granted appellees' motion and denied the motion filed by appellants and AHCA, entering judgment accordingly. This appeal follows.

II.
We first address appellees' contention that the appeal must be dismissed. They point out that neither AHCA nor the Attorney General has elected to participate in the appeal. According to appellees, because the Attorney General is not a participant in the appeal, we are obliged to dismiss for lack of either a necessary or an indispensable party. In support of their position, they rely on section 86.091, Florida Statutes (2003), and dicta in Brown v. Butterworth, 831 So.2d 683 (Fla. 4th DCA 2002), review denied sub nom. Crist v. Brown, 862 So.2d 726 (Fla.2003). We find appellees' argument unpersuasive.
In the first place, while AHCA has apparently elected not to participate actively in this appeal, by virtue of Florida Rule of Appellate Procedure 9.020(g)(2) it remains a party, as an appellee. Moreover, we can find no support in section 86.091 for the proposition that the Attorney General is *800 either a necessary or an indispensable party to this appeal. To the extent pertinent, section 86.091 (which is a part of the chapter entitled "Declaratory Judgments") reads merely that, "[i]f [a] statute, charter, ordinance, or franchise is alleged to be unconstitutional, the Attorney General or the state attorney of the judicial circuit in which the action is pending shall be served with a copy of the complaint and be entitled to be heard." The purpose of this statute would appear from its language to be relatively clearto ensure that the state (in the person of the Attorney General or appropriate state attorney) is aware of any litigation in which a plaintiff seeks a declaratory judgment that any of the enumerated forms of legislation is unconstitutional, and afforded an opportunity to present the state's position. There is nothing in the language of the statute which supports appellees' argument that, should the Attorney General or appropriate state attorney elect, after service, not to participate, such litigation may not proceedi.e., that one of the two is an indispensable party. In fact, placing such a gloss on the words used would permit the Attorney General and state attorneys to prevent any such challenge merely by declining to participate in the litigation. Surely, such an absurd result could not have been intended. Rather, it seems to us relatively clear that, once the Attorney General or appropriate state attorney has been served, he or she may choose either to appear or not. However, in the latter event, non-participation has no effect on the litigation.
Appellees point to dicta in Brown v. Butterworth, 831 So.2d 683 (Fla. 4th DCA 2002), review denied sub nom. Crist v. Brown, 862 So.2d 726 (Fla.2003), to support their argument that the Attorney General is an indispensable party, without whom the litigation may not go forward. It is true that, in Brown, the court said that "[t]he only truly `indispensable' party to an action attacking the constitutionality of Florida legislation ... is the Attorney General," id. at 689-90, and that it defined an "indispensable party" as "a party without whom the action cannot proceed." Id. at 690 n. 9. However, the statement is pure dicta. Moreover, it is unsupported by any citation to authority other than section 86.091 which, as we have said, does not appear to support such a construction. In addition, the statement is directly contrary to positions taken in two prior decisions of our supreme court construing substantively identical versions of the statute.
In Watson v. Claughton, 160 Fla. 217, 34 So.2d 243, 246 (1948), the court said that the statute "d[id] not prescribe that the Attorney General shall be a necessary party when the constitutionality of an act is assailed. It only provides that he shall be `heard.'" The court also said:
It is evident that the intent and purpose of this Section 87.10 [the predecessor to what is now section 86.091] ... was to provide an avenue for the interests of the State to be represented contingent (1) upon the Attorney General's concluding that the State's interests should be represented in such proceedings and (2) upon the Attorney General's making a showing before the Court sufficient to warrant the Chancellor, in the exercise of sound discretion, in making an order permitting it.
Id. The court held that the trial court had not abused its discretion in denying the Attorney General's request for leave to intervene. Id.
Similarly, in Mayo v. National Truck Brokers, Inc., 220 So.2d 11 (Fla.1969), the court denied relief to the appellants, who were challenging an adverse final declaratory judgment on the ground that the state attorney for the circuit in which the action *801 had been filed had not been formally served, and did not participate. In doing so, the court said:
It is obvious from the provisions of Chapter 86 that neither the Attorney General nor the State Attorney of the circuit in which the action is pending are necessary parties in the strict sense of that expression.... The State Attorney, after having received a copy of the complaint, advised the court that he had waived final service and did not desire to participate further in the hearing. This he had the right to do.
Id. at 13.
At least one federal court has reached a similar conclusion regarding the purpose of the statute. In Mallory v. Harkness, 923 F.Supp. 1546, 1553 (S.D.Fla.1996), aff'd, 109 F.3d 771 (11th Cir.1997) (table), the court said:
The [Attorney General] intervened in this matter pursuant to Florida Statute § 86.091.... The [Attorney General] argues that § 86.091 imposes a statutory duty upon the state to defend all constitutionally challenged statutes. The Court, to the contrary, finds intervention by the [Attorney General] under § 86.091 to be discretionary. It has long been recognized that the [Attorney General] is not a necessary party each time the constitutionality of a statute is drawn into question. Watson v. Claughton, 160 Fla. 217, 34 So.2d 243 (1948). The [Attorney General] is thus not affirmatively required to intervene every time an entity challenges the constitutionality of a statute. Rosenfeld v. Lu, 766 F.Supp. 1131, 1133-34 (S.D.Fla. 1991). Upon receipt of the complaint pursuant to § 86.091, the [Attorney General] could have filed with the Court a notice of acknowledgment declining to defend the statute as the [Attorney General] did in Rosenfeld.

Given the decisions in Watson and Mayo, we decline to follow the dicta from Brown upon which appellees rely. It is apparent that the Attorney General participated in the litigation at the trial level, as counsel for AHCA, and that he is aware of this appeal. Accordingly, it is equally apparent that the requirements of section 86.091 have been met, and that the presence of the Attorney General is not required in this appeal. Appellees' motion to dismiss the appeal is denied.

III.

A.
The Health Facility and Services Development Act (§§ 408.031-408.045, Fla. Stat.(2002)) establishes a "certificate of need" (CON) system for the purpose of determining the need in Florida for certain healthcare services and facilities. The types of projects requiring a CON are identified in section 408.036(1) and (2). Among them are adult open-heart-surgery programs. AHCA is the state agency responsible for issuing, revoking or denying CON's; and for issuing, revoking or denying exemptions from CON review. § 408.034(1), Fla. Stat. (2002). Pursuant to the Act, AHCA must review CON applications based on numerous statutory and rule criteria, including (but not limited to) those set out in section 408.035. The statutory and rule review criteria for CON applications are uniform throughout the state. Section 408.036(3) exempts certain projects from CON review. Prior to the adoption of chapter 2003-289, which amends section 408.036(3) by adding new paragraph (t) and subparagraphs 1 and 2 thereto, all exemptions were also uniform throughout the state.
Chapter 2003-289 creates a special exemption from CON review for hospitals in Palm Beach, Polk, Martin, St. Lucie and *802 Indian River Counties desiring to establish open-heart-surgery programs. To the extent pertinent, it provides that, "[u]pon request," projects "[f]or the provision of adult open-heart services in a hospital located within the boundaries of Palm Beach, Polk, Martin, St. Lucie, and Indian River Counties" shall be exempt from CON review "when the application for exemption... complies with" certain enumerated criteria.

B.
Article III, section 10, of the Florida Constitution provides that:
No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except the provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected.
The constitution defines "special law" to mean "a special or local law." Art. X, § 12(g), Fla. Const. Our supreme court has further defined "special law" and "local law" as follows:
"[A] special law is one relating to, or designed to operate upon, particular persons or things, or one that purports to operate upon classified persons or things when classification is not permissible or the classification adopted is illegal; a local law is one relating to, or designed to operate only in, a specifically indicated part of the State, or one that purports to operate within classified territory when classification is not permissible or the classification is illegal."
Dep't of Bus. Regulation v. Classic Mile, Inc., 541 So.2d 1155, 1157 (Fla.1989) (quoting from State ex rel. Landis v. Harris, 120 Fla. 555, 562-63, 163 So. 237, 240 (1934)). Pursuant to article III, section 10, the legislature has enacted several statutes governing the publication of notice of special or local legislation. §§ 11.02, 11.021 & 11.03, Fla. Stat. (2003). It is undisputed that these statutory requirements were not complied with in this case, and that chapter 2003-289 was not conditioned to become effective only upon approval by vote of the electors of the area affected.
Our supreme court has held, further, that whether a law is special or general "is a pure legal question subject to de novo review." Schrader v. Fla. Keys Aqueduct Auth., 840 So.2d 1050, 1055 (Fla. 2003). Moreover, "[w]hether a law is special or general depends in part on whether the class it creates is open." Ocala Breeders' Sales Co., Inc. v. Fla. Gaming Ctrs., Inc., 731 So.2d 21, 25 (Fla. 1st DCA 1999), affirmed, 793 So.2d 899 (Fla.2001). "If it is possible in the future for others to meet the criteria set forth in the statute, then it is a general law and not a special law." Id. However, the supreme court has cautioned that "[a] special law is not converted into a general law by the legislature's treating it and passing it as a general law." Classic Mile, 541 So.2d at 1157. Accord Ocala Breeders' Sales, 731 So.2d at 25 ("The legislature cannot enact a special law in the guise of a general law, because that would violate the procedural requirements of Article III, Section 10 of the Florida Constitution"). Although passed as a general law, by its express terms chapter 2003-289 creates an exemption that is available only to hospitals located in five counties, and there is no possibility of it applying to hospitals in any other counties. We conclude that, because it creates a closed class limited to five counties, the trial court correctly determined that chapter 2003-289 is a special or local law. See City of Miami v. McGrath, 824 So.2d 143 (Fla.2002) (holding that a statute authorizing cities with a population of 300,000 on a *803 specific date to impose a parking tax was an unconstitutional special law because it applied only to a closed class of three qualified cities); Classic Mile, 541 So.2d at 1158 (holding that a statute relating to thoroughbred horse races which applied to only one county, with no possibility that it would ever apply to any other county, was a special law); Hous. Auth. of City of St. Petersburg v. City of St. Petersburg, 287 So.2d 307 (Fla.1973) (holding that statutes restricting the powers granted to the housing authority in Pinellas County only were unconstitutional special or local laws); State ex rel. Coleman v. York, 139 Fla. 300, 190 So. 599 (1939) (holding that a statutory exemption for dentists in counties having a certain population according to the 1930 federal census was an unconstitutional special law because it could only apply to two counties).
Contrary to appellants' assertions, chapter 2003-289 cannot be treated as a general law. A general law "operates universally throughout the state, uniformly upon subjects as they may exist throughout the state, or uniformly within a permissible classification." Classic Mile, 541 So.2d at 1157. Chapter 2003-289 does not satisfy any of these criteria. Appellants cite a line of cases which have recognized that a valid general law can use a classification that is geographical in terms if the purpose of the statute is one of statewide importance and impact, and the classification is reasonably related to the law's purpose. Schrader, 840 So.2d at 1055-56, and cases cited therein. However, as pointed out by appellees, this line of cases can be distinguished because the cases involved laws dealing with protected water bodies, water resource management, and transportation systems that had impacts far exceeding the limited geographic area identified in the laws themselves. No such impacts are involved in this case. Appellants' arguments to the contrary are strained and unpersuasive.

C.
Appellants also argue that the trial court committed reversible error when it entered summary judgment in favor of appellees and denied the motion of AHCA and appellants without considering affidavits filed by AHCA and taking testimony. However, at the start of the hearing on the motions for summary judgment, the Senior Assistant Attorney General representing AHCA stated that, because the issue before the trial court involved a pure question of law, the trial court should not consider any affidavits addressing such topics, but should decide the issue based solely on the language of the law. Although represented by independent counsel, appellants did not object to, or otherwise indicate disagreement with, the statements made by the Assistant Attorney General. Accordingly, this argument has not been preserved.

IV.
In summary, we deny appellees' motion to dismiss the appeal because the Attorney General has elected not to participate. On the merits, we affirm the trial court's summary final judgment declaring chapter 2003-289, Laws of Florida, unconstitutional as a special or local law which had not been adopted in compliance with article III, section 10, of the Florida Constitution, and permanently enjoining AHCA from issuing any exemptions pursuant to that law.
AFFIRMED.
VAN NORTWICK and POLSTON, JJ., concur.