**WOMEN'S EMERGENCY NETWORK, et al., Plaintiffs,**

v.

**Jeb BUSH, et al., Defendants.**

**No. 02–20172–CIVMOORE.**

United States District Court, S.D. Florida.

July 12, 2002.

See also, 214 F.Supp.2d 1308.

Brigitte Amri, Priscilla Smith, Hillary Schwab, Louis M. Silber, Silber & Valente, West Palm Beach, FL, for Plaintiff.

Parker D. Thomson, Carol Licko, Hogan & Hartson, L.L.P., Miami, FL, Leon St. John, Palm Beach County Attorney's Office, West Palm Beach, FL, James J. Dean, Messer, Caparello & Self, P.A., Tallahassee, FL, for Defendant.

### ORDER

MOORE, District Judge.

THIS CAUSE is before the Court upon Governor Jeb Bush's Motion to Dismiss the Amended Complaint (DE # 61).

UPON CONSIDERATION of the motion, the memoranda filed in support and opposition thereof and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order granting the motion.

### Introduction

Governor Bush moves the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Plaintiffs' complaint with prejudice. In support of his motion, Governor Bush argues that he is not a proper party to this action which challenges the constitutionality of the Choose Life specialty license plate scheme, as codified at Fla. Stat. § 320.08058(30) (the "Act").

In response, Plaintiffs argue that Governor Bush is a proper party because "as head of the Department [of Highway Safety and Motor Vehicles, Governor Bush] has control over the implementation of the Act...." Governor Bush replies that Plaintiffs misrepresent that the governor is head of the Department. Instead, he argues that the "head of the Department is the Governor *and Cabinet*." Reply at 2 (emphasis in pleading) *citing* Fla. Stat. § 20.24. Thus, according to Governor Bush, he lacks the requisite connection with the Act and he is not a proper party.

**Analysis**

The primary question before the Court is whether Governor Bush is a proper party to this suit. In order to challenge the constitutionality of the Act, Plaintiffs must have brought this action against the state official or agency responsible for enforcing the allegedly unconstitutional scheme. *ACLU v. The Florida Bar*, 999 F.2d 1486, 1490–91 (11th Cir.1993). Accordingly, Plaintiffs joined as Defendants Governor Bush and Fred Dickinson, as Executive Director of the Department. However, Governor Bush argues that he is not a proper party because the "allegations ... show *no* connection between the Governor and the unconstitutional conduct that is complained of...." Motion to Dismiss at 4 (emphasis in original).

Indeed a "connection" is necessary. In *Luckey v. Harris*, the Eleventh Circuit articulated the scope of the *Ex Parte Young* exception to the Eleventh Amendment. *Luckey v. Harris*, 860 F.2d 1012, 1015–16 (11th Cir.1988) *citing Ex Parte Young*, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Specifically, the Court provided:

Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity. All that is required is that the *official be responsible for the challenged action*. As the *Young* court held, it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of. [W]hether [this connection] arises out of general law, or is specially created by the act itself, is not material so long as it exists.

*Id.* (Emphasis added.) Plaintiffs claim that Governor Bush has the requisite connection by virtue of his position as "head of the Department." Plaintiffs' Response to Motion to Dismiss at 3. Plaintiffs cite Florida Statute § 20.24 and Rule 15–1.001 of the Florida Administrative Code in support of this proposition. These authorities provide that "[t]he head of the Department of Highway Safety and Motor Vehicles is the Governor *and* Cabinet." [1] Fla. Stat. § 20.24 (emphasis added). Importantly, Rule 15–1.001(3) goes on to state that "[a]n Executive Director is appointed by and serves at the pleasure of the Governor and Cabinet with the *overall duty and responsibility for the operation of the department*." (Emphasis added.) Notably, the Governor's position as "head of the Department" is shared with six other individuals, the members of the Cabinet, and the Executive Director of the Department, who is also a party to this suit, is charged with "overall duty and responsibility" for the Department. *Id.*

Plaintiffs cite to *Luckey* and argue that it supports the notion that Governor Bush is a proper party because he has a sufficient connection with the allegedly uncon-

---

1. Rule 15–1.001(2), Fla. Admin. R. provides that "[t]he head of the Department is the Governor and Cabinet."

stitutional Act. Instead, the Court finds that *Luckey* supports the Governor's position. In *Luckey,* the Eleventh Circuit held that Georgia Governor Joe Frank Harris was a proper party in a suit challenging deficiencies in the state's provision of indigent defense services. *Luckey,* 860 F.2d at 1013. The Court held that Governor Harris was a proper party where he: (1) was responsible for law enforcement in Georgia; (2) possessed residual power to commence criminal prosecutions; and (3) had the final authority to direct the Attorney General to "institute and prosecute" on behalf of the state. *Luckey,* 860 F.2d at 1016 *quoting* Ga. Const. Art. 5, § 2, ¶ 2. Thus, according to the Court, Governor Harris was an appropriate party where he was sufficiently responsible for the administration of the allegedly deficient indigent defense services.

On the contrary, Governor Bush's only "connection" is a position which he shares with six other individuals. Furthermore, the Executive Director of the Department is charged with "overall duty and responsibility" and even his appointment is committed to the discretion of the Governor *and* Cabinet. It seems undeniable that Governor Bush is not the official who is "responsible for the challenged action." *Luckey,* 860 F.2d at 1015. Indeed, Governor Bush's level of responsibility for the Act can easily be likened to that of the Commissioner of Agriculture, as a member of the Cabinet. Notably, the Act neither authorizes nor obligates the Governor to perform any duties. Instead, it empowers the Executive Director to oversee the Department and each of its sections. Rules 15–1.001(3) and 15–1.001(5), Fla. Admin. R. The Court is of the opinion that Plaintiffs' controversy is properly with the Department and the Executive Director who oversees it.

Thus, because the Governor lacks a sufficient connection to the Act in question, Plaintiffs are left to argue that Governor Bush is a proper party because he "signed into law" the Act at issue and because Article IV, § 1 of the Florida Constitution vests Governor Bush with executive power to enforce the laws of the State. Second Amended Complaint ¶¶ 14, 23. The Court is not persuaded by either of these argument. *See e.g., Harris v. Bush,* 106 F.Supp.2d 1272, 1276 (N.D.Fla.2000) (Governor Bush was not a proper party where he possessed a general authority to enforce laws and plaintiff did not allege or suggest that he intended to enforce the statutory provision under attack); *Warden v. Pataki,* 35 F.Supp.2d 354, 358 (the well-settled doctrine of absolute legislative immunity bars actions against legislators or governors on the basis of their roles in enacting or signing legislation) *citing Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 731–34, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Weinstein v. Edgar,* 826 F.Supp. 1165, 1167 (N.D.Ill.1993) (Governor was not a proper party; "were this court to conclude that Governor Edgar's general obligation to faithfully execute the laws is a sufficient connection to the enforcement of 105 ILCS 5/24–2, then the Illinois legislature necessarily could be challenged merely by naming the Governor as a party defendant").

In sum, the Court determines that Governor Bush does not bear a sufficient connection with the Act and, as such, the Governor's motion to dismiss is GRANTED. Accordingly, it is

ORDERED AND ADJUDGED that Governor Jeb Bush's Motion to Dismiss the Amended Complaint (DE # 61) is GRANTED.

This case is closed only as to Defendant Governor Jeb Bush.