**Harvey HARRIS, Plaintiff,**

v.

**Governor BUSH, et al., Defendants.**

**No. 3:00–CV–052/LAC.**

United States District Court,
N.D. Florida,
Pensacola Division.

July 25, 2000.

---

Harvey Harris, plaintiff pro se.

George Lee Waas, Atty. Generals Office, Tallahassee, FL, for Gov. Bush.

James Nix Daniel, Pensacola, FL, for John Heer, Adm. Baptist Hospital.

James Nix Daniel, for Morris Eady, CEO Lakeview Center.

Carl R. Peterson, Tallahassee, FL, for Jim Lawman, Sheriff.

*ORDER GRANTING MOTIONS
TO DISMISS*

COLLIER, District Judge.

THIS CAUSE comes before the Court on several pending motions to dismiss filed by the Defendants (docs.5, 12–13). Plaintiff, proceeding *pro se*, timely filed objections (docs.14–15, 17).[1] For the reasons stated below, Defendants' motions to dismiss are GRANTED. Plaintiff's complaint is hereby DISMISSED.

## I. BACKGROUND

For purposes of ruling on this motion, the following facts are assumed true or viewed in a light most favorable to the Plaintiff. This case stems from a series of events that occurred in the early months of 1998. On February 3, 1998, the Circuit Court for the First Judicial Circuit of Florida issued an *ex parte* order for the involuntary examination of Plaintiff pursuant to The Baker Act, Fla.Stat. §§ 394.451–.4789 (doc. 1 ¶ 6; Exh. 1 at 165). Two days later, pursuant to the *ex parte* order, the Escambia County Sheriff's Department took Plaintiff into custody and admitted him to the Lakeview Center (*Id.* ¶ 6; Exh. 1 at 166). Plaintiff filed a petition for writ of habeas corpus on February 7, 1998 and a public defender was appointed on February 10, 1998 (*Id.*, Exh. 1 at 171–72). A hearing was held on February 17, 1998 and Plaintiff was released from involuntary confinement (*Id.* ¶ 6; Exh. 1 at 170). On that same day, Plaintiff applied for transfer from involuntary placement status to voluntary placement status (*Id.*, Exh. 1 at 168–69). He was discharged from Lakeview Center on February 20, 1998 (*Id.*, Exh. 1 at 68).

Plaintiff originally filed this action against John Heer, Baptist Hospital, Morris Eady, Lakeview Center, Inc., Sheriff Jim Lowman and Governor Jeb Bush alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[2] Plaintiff also seeks a

---

1. The Court will construe each objection as a responsive memorandum in opposition as required by the Local Rules of this district. *See* N.D.FLA.LOC.R. 7.1(C)(1).

2. Prior to discussing the reasons for granting Defendants' motions to dismiss, the Court would first like to address an initial matter. There appears to be some confusion over who are the proper defendants in this case. In the title of the complaint, Plaintiff, proceeding *pro*

declaratory judgment which declares section 394.463(2)(a) of the Baker Act unconstitutional on its face and as applied (doc. 1 ¶¶ 1, 4–14). Defendants now move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. MOTION TO DISMISS

### A. *Standard*

To state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). It is well established that a court should not grant a motion to dismiss under Rule 12(b)(6) unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102. The Court must accept allegations in the complaint as true and draw all reasonable inferences in a light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir.1994). Furthermore, as Plaintiff proceeds *pro se,* the Court shall construe his complaint liberally and out of an abundance of caution, hold Plaintiff to a less stringent standard on dismissal. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

"Generally, the Federal Rules of Civil Procedure do not require a claimant to set forth in detail the facts upon which he bases his claim." *Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F.2d 305, 309 (11th Cir.1989). Rather, in those cases in which the facts do not establish a true controversy, summary judgment is the preferred method of disposing of the case. *See id.* "However, in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims," courts have tightened the application of Rule 8 to § 1983 cases. *Id.* at 309–10 & n. 2. In a civil rights action, more than mere conclusory allegations are required, and a complaint will be dismissed where the allegations are vague and conclusory. *See Lucas v. Cannon,* 848 F.Supp. 168, 169 (M.D.Fla.1994); *Carter v. Thompson,* 808 F.Supp. 1548, 1553 (M.D.Fla.1992) (citing *Fullman v. Graddick,* 739 F.2d 553, 556 (11th Cir.1984)).

### B. *Discussion*

**1. Matters Considered in Ruling on Defendants' Motions to Dismiss**

According to Rule 12(b), if a court considers matters that are outside a pleading, then a motion to dismiss for failure to state a claim must be treated and disposed of as if it were a motion for summary judgment under Rule 56. *See* FED.

---

*se,* does not clearly indicate the capacity in which he is suing each defendant, nor does he adequately separate the names of each defendant with punctuation. He identified the defendants as follows: "Governor Bush, State of Florida, John Heer, Administrator Baptist Hospital, Morris I. Eaddy PH.D., President/CEO, Lakeview Center Inc., Sheriff Jim Lowman, Escambia Sheriff Department" (doc. 1). In paragraph 3, Plaintiff provided the business addresses for Defendants Governor Jeb Bush, John Heer, Morris Eady and Sheriff Jim Lowman (*Id.* ¶ 3). After Plaintiff filed his complaint, the Magistrate Judge directed the Clerk of Court to "issue summons for the defendants and deliver the summons to plaintiff, who shall be responsible for prompt service of the summons and complaint" (doc. 2 at 1). Proof of service, as to

the four addresses provided in paragraph 3 of the complaint, was made to the Court (docs.8–11). An appearance by counsel was made on behalf of John Heer, Baptist Hospital, Morris Eady and Lakeview Center (docs.5–6). Therefore, any technical errors in the form of summons invalidating the process as to Defendants Baptist Hospital or Lakeview Center are foreclosed. *See* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1088 (2d ed.1987); *see also Sanderford v. Prudential Ins. Co. of Am.,* 902 F.2d 897, 900–01 (11th Cir.1990). The proper defendants to this action are as follows: (1) Governor Jeb Bush, State of Florida; (2) John Heer, Administrator; (3) Baptist Hospital; (4) Morris Eady, PH.D.; (5) Lakeview Center, Inc.; and (6) Sheriff Jim Lowman, Escambia County Sheriff's Department.

R.Crv.P. 12(b). However, there are circumstances where a court is not required to convert a motion to dismiss into a motion for summary judgment. For example, some courts have taken the view that documents attached to a complaint or other pleading may be considered when ruling on a motion to dismiss. *See, e.g., Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984); *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortgage, Inc.,* 826 F.Supp. 460, 464 (N.D.Ga.1993). It is also generally recognized that courts may consider matters of public record. *See, e.g., Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of Machinists & Aerospace Workers,* 452 F.2d 794, 797–98 (5th Cir.1971) (court opinions).[3]

In rendering its decision today, the Court has considered the documents attached to Plaintiff's complaint.

**2. Claims Against John Heer, Baptist Hospital, Morris Eady and Lakeview Center**

■ "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws.'" *Arnold,* 880 F.2d at 310; *see also* 42 U.S.C. § 1983 (West Supp.2000). To state a *prima facie* claim under § 1983, a plaintiff must allege that (1) the defendant's conduct caused the constitutional violation, and (2) the challenged conduct was "under color of state law." *Arnold,* 880 F.2d at 310.

■ In the case *sub judice,* Plaintiff has simply failed to properly plead the elements of a cause of action based on § 1983. Although Plaintiff alleges violations of his constitutional rights by a commitment scheme under the Baker Act (doc. 1 ¶¶ 4–6), he does not allege any facts which support these claims. Nor does Plaintiff allege Defendants John Heer, Baptist Hospital, Morris Eady, and Lakeview Center acted under color of state law. Even if some generally cognizable claim could be discerned from the complaint, Plaintiff fails to allege how the Defendants violated his rights as required under the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] FED.R.CIV.P. 8(a); *see also Coon v. Georgia Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir.1987) (citing *Uptown People's Community Health Servs. Bd. of Dirs. v. Board of Comm'rs of Cook County,* 647 F.2d 727, 739 (7th Cir.1981) (count in complaint too indefinite; "[w]hile it is true that 'notice pleading' is an integral part of the federal rules governing pleading, it is still necessary that *something* be stated that apprises a defendant of the allegation")). Plaintiff's objections, (doc. 14), are without merit. For these reasons, Plaintiff's complaint fails to state a cause of action for violations of his civil rights pursuant to 42 U.S.C. § 1983. *Cf. Harvey v. Harvey,* 949 F.2d 1127, 1129–34 (11th Cir.1992). Plaintiff's claims against Defendants John Heer, Baptist Hospital, Morris Eady, and Lakeview Center are DISMISSED.

**3. Claims Against Sheriff Jim Lowman**

■ Plaintiff's complaint and the documents attached to it clearly indicate Defendant Lowman, in his official capacity as Sheriff of Escambia County. Florida, is entitled to absolute quasi-judicial immunity. *See Roland v. Phillips,* 19 F.3d 552,

---

3. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4. As an aside, the Court notes that "[a]ny person who acts in good faith in compliance with the provisions of [the Baker Act] is immune from civil or criminal liability for his or her actions in connection with the admission, diagnosis, treatment, or discharge of a patient to or from a facility." FLA STAT ANN. § 394.459(10) (West 1998).

555–57 (11th Cir.1994); *cf.* FLA.STAT.ANN. § 394.459(10). Plaintiff complains of the actions taken by the Escambia County Sheriff's Department while executing a court order which was fair on its face and issued in the regular course of judicial proceedings by that court. Plaintiff does not assert that the Sheriff's Department acted in anything but its official authority pursuant to a valid written order. Therefore, Plaintiff's § 1983 action against Defendant Lowman is DISMISSED.

### 4. Claims Against Governor Jeb Bush

■ Having dismissed all claims against Defendants John Heer, Baptist Hospital, Morris Eady, Lakeview Center and Sheriff Jim Lowman, the only issue remaining is whether Plaintiff has stated a cause of action against Governor Jeb Bush. Upon review of the parties' arguments and relevant case law, the Court finds that Plaintiff's § 1983 action against Governor Bush in his official capacity is barred by the Eleventh Amendment.[5] *See Kentucky v. Graham,* 473 U.S. 159, 167–70, 105 S.Ct. 3099, 3106–07, 87 L.Ed.2d 114 (1985).

■ The Eleventh Amendment proscribes suits by citizens against their own state, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), and it is well established that the states and their agencies are immune from suit for monetary damages, *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974).[6] *See also Cate v. Oldham,* 707 F.2d 1176, 1180–82 (11th Cir. 1983). In assessing a claim of immunity under the Eleventh Amendment, a court must first determine whether the plaintiff is suing the state, which involves deciding whether the named defendant can be considered an "agency" or "instrumentality"

of the state. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977). A suit against a state official in his official capacity is not a suit against the official, but rather a suit against his office. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). As such, it is no different from a suit against the state itself. *See id.* Under this straightforward analysis, Jeb Bush is clearly protected from suit in his official capacity as Governor of the State of Florida. *See generally* FLA. CONST. art. IV, § 1; FLA.STAT.ANN. §§ 14.01– .32 (West 1998 & Supp.2000). Hence, the Eleventh Amendment bars Plaintiff's § 1983 claim.

■ The Court further finds that Plaintiff has failed to state a claim for declaratory relief. In order to challenge the constitutionality of a rule of law, a plaintiff must bring forth an action against the state official (or agency) responsible for enforcing the rule. *See ACLU v. The Florida Bar,* 999 F.2d 1486, 1490–91 (11th Cir.1993). Governor Bush argues that he is not the proper party to challenge the Baker Act because he holds no special relationship to the Act and is not expressly directed to oversee its enforcement. Plaintiff contends, however, that Governor Bush is the proper party because the Florida Constitution vests him with executive power to faithfully execute and enforce the laws of Florida. The Court agrees with Governor Bush.

Article IV, § 1 of the Florida Constitution vests Governor Bush with executive power to enforce the laws. However, this general authority, standing alone, is insufficient to make him the proper party whenever a plaintiff seeks to challenge the

---

**5.** Plaintiff has also failed to state a § 1983 claim against Governor Bush in his individual capacity. *See, e.g., supra* Part II.B.2.

**6.** Although of no consequence here, the Eleventh Amendment is not always a complete bar to certain claims brought under § 1983 and does not protect state officials acting in their

official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law. *See Edelman,* 415 U.S. at 664–71, 94 S.Ct. at 1356–60. Additionally, the Eleventh Amendment does not bar monetary relief which is ancillary to the prospective injunctive relief. *Graham,* 473 U.S. at 169 n. 18, 105 S.Ct. at 3107 n. 18.

constitutionality of a law. *See, e.g., 1st Westco Corp. v. School Dist. of Philadelphia,* 6 F.3d 108, 113 (3d Cir.1993); *Warden v. Pataki,* 35 F.Supp.2d 354, 358–59 (S.D.N.Y.), *aff'd sub nom. Chan v. Pataki,* 201 F.3d 430 (2d Cir.1999), *petition for cert. filed* —— U.S.L.W. —— (U.S. May 8, 2000) (No. 99–9887); *Weinstein v. Edgar,* 826 F.Supp. 1165, 1165–67 (N.D.Ill. 1993); *NAACP v. California,* 511 F.Supp. 1244, 1261 (E.D.Cal.1981). *But see Okpalobi v. Foster,* 190 F.3d 337, 342–49 (5th Cir.1999), *reh'g en banc granted,* 201 F.3d 353 (5th Cir.2000); *Allied Artists Pictures Corp. v. Rhodes,* 473 F.Supp. 560, 566 (S.D.Ohio 1979), *aff'd* 679 F.2d 656, 665 & n. 5 (6th Cir.1982). As stated so clearly in *Weinstein,* if this Court were to conclude that Governor Bush's "general obligation to faithfully execute the laws is a sufficient connection to the enforcement of [the Baker Act], then the constitutionality of every statute enacted by the [Florida] legislature necessarily could be challenged by merely naming the Governor as a party defendant." 826 F.Supp. at 1167.

In the case at bar, Plaintiff does not allege or even suggest that Governor Bush intends to enforce the statutory provision under attack. Nor does he cite the Court to authority stating the Governor of Florida bears a sufficient connection with the enforcement of the Baker Act. In fact, the Baker Act designates the Department of Children and Family Services ("Department") (formerly the Department of Health and Rehabilitative Services) as the "Mental Health Authority" of Florida and charges the Department and the Agency for Health Care Administration ("Agency") with "executive and administrative supervision over all mental health facilities, programs, and services." FLA.STAT.ANN. § 394.457(1) (West Supp.2000). The Department is responsible for the

> planning, evaluation, and implementation of a complete and comprehensive state-wide program of mental health, including community services, receiving and treatment facilities, child services, research, and training as authorized and approved by the Legislature, based on

the annual program budget of the department. The department is also responsible for the coordination of efforts with other departments and divisions of the state government, county and municipal governments, and private agencies concerned with and providing mental health services. It is responsible for establishing standards, providing technical assistance, and exercising supervision of mental health programs of, and the treatment of patients at, community facilities, other facilities for persons who have a mental illness, and any agency or facility providing services to patients pursuant to this part.

*Id.* § 394.457(2)(a). Other responsibilities include the following: employee screening, mental health residents, adopting rules that provide a procedure for reporting abuse, reporting any violation of a patient's rights or privileges to the Agency, designating and monitoring receiving and treatment facilities, granting exceptions to the transportation requirements, developing a comprehensive plan for the deinstitutionalization of patients, and providing care for psychotic and emotionally disturbed children. *See id.* §§ 394.453, .457(2)–(6), .4572, .4574(2), .459(5)(f) & (9), .461, .462(3), .4674, .4781 (West 1998 & Supp. 2000). This is not the type of self-enforcing statute analyzed in *Okpalobi* or *Allied.* Consequently, an Article III "case or controversy" does not exist between Plaintiff and Governor Bush. For the reasons stated above, Plaintiff's claims against Governor Bush are DISMISSED. *Cf. Florida E. Coast Ry. Co. v. Martinez,* 761 F.Supp. 782, 783–85 (M.D.Fla.1991) (granting motion to dismiss based on a finding that no case or controversy existed between the plaintiff and Governor Martinez).

### III. SUMMARY

The Court's ruling in this matter may be summarized as follows, and IT IS HEREBY ORDERED:

1. The Clerk of Court is directed to modify the docket in this case to

reflect the proper Defendants as follows: (1) Governor Jeb Bush, State of Florida; (2) John Heer, Administrator; (3) Baptist Hospital; (4) Morris Eady, PH.D.; (5) Lakeview Center, Inc.; and (6) Sheriff Jim Lowman, Escambia County Sheriff's Department.

2. Defendants' motions to dismiss (docs.5, 12–13) are **GRANTED.**

3. Plaintiff's complaint (doc. 1) is **DISMISSED.**

4. Plaintiff's motion for summary judgment (doc. 32) is **DENIED** as **MOOT.**