MARSTILLER, J.
On July 9, 2009, several Florida cities and counties filed suit in the circuit court in Leon County seeking a declaratory judgment invalidating chapter 2009-96, Laws of Florida (formerly Senate Bill 360), “[ajn act relating to growth management,” for violating the single subject and unfunded mandate provisions of the Florida Constitution.[1] Named as defendants were *703 Governor Charlie Crist, President of the Senate Jeff Atwater, Speaker of the House of Representatives Larry Cretul, and Secretary of State Kurt Browning. All four defendants moved to dismiss contending they were not proper parties to the action because none is designated to enforce Florida’s growth management laws. The trial court denied the motion to dismiss and, on August 27, 2010, entered summary judgment declaring the law unconstitutional as an unfunded mandate[2] and ordering the Secretary of State to expunge the law from the official records of the State.
Defendants Atwater and Cretul appeal the summary judgment, and the local governments cross appeal. Appellants assert the trial court erred by not dismissing them from the suit as improper parties. They also contend the record does not support the court’s finding of a statewide fiscal impact sufficient to constitute an unfunded mandate, but that even if the court’s finding is correct, it should not have invalidated the law in its entirety. Appellees/Cross-Appellants argue the trial court incorrectly deemed their single-subject challenge moot. We conclude the lower court should have dismissed Appellants from the lawsuit, and that this issue is dispositive.
The proper defendant in a lawsuit challenging a statute’s constitutionality is the state official designated to enforce the statute. See ACLU v. The Florida Bar, 999 F.2d 1486, 1490-91 (11th Cir.1993) (citing Diamond v. Charles, 476 U.S. 54, 64, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); Harris v. Bush, 106 F.Supp.2d 1272, 1276 (N.D.Fla.2000); Walker v. President of the Senate, 658 So.2d 1200, 1200 (Fla. 5th DCA 1995)). Individual legislators are not proper parties to such a suit. See Walker (affirming order dismissing Senate President and House Speaker from declaratory action challenging certain operations of the Department of Corrections). Neither is the Governor. See, e.g., Women’s Emergency Network v. Bush, 323 F.3d 937, 949-50 (11th Cir.2003) (Governor’s general executive powers and authority to sign legislative bills into law do not subject that official to court’s jurisdiction in suit challenging constitutionality of state statute).
*704 That is not to say these officials are improper parties in all declaratory actions challenging the constitutionality of legislative or executive acts. For example, in Coalition for Adequacy & Fairness in School Funding, Inc. v. Chiles, 680 So.2d 400 (Fla.1996), the supreme court concluded that the Senate President, House Speaker and Governor were proper parties to declaratory action alleging the State’s failure to adequately fund the public education system as constitutionally required. Relying on its earlier opinion in Florida Department of Education v. Glasser, 622 So.2d 944, 948 (Fla.1993), the court reasoned that except for the Governor, “all of the named appellees have either taken a present, adverse, and antagonistic position to that espoused by appellants or would be necessary parties to an action to determine the State’s responsibility under the controlling constitutional provision,” and that “the Governor, both in his position as chief executive and as chairperson of the Board of Education, is an appropriate party because of the nature of the action.” Chiles, at 402-3. See also Brown v. Butterworth, 831 So.2d 683, 689-90 (Fla. 4th DCA 2002) (Senate President was proper party in declaratory action challenging constitutionality of Legislature’s congressional redistricting scheme for that official had a cognizable interest in defending the scheme against claims of discriminatory effect).
But the declaratory action at issue here does not involve a broad constitutional duty of the State implicating specific responsibilities of the defendants. Nor does the lawsuit involve any issue in which the defendants have an actual, cognizable interest. Rather, the lawsuit simply challenges the constitutionality of a piece of legislation governing growth management. As such, the Senate President, the Speaker of the House of Representatives and the Governor clearly are not proper parties to the action. The fourth defendant, the Secretary of State, also is not a proper party to the lawsuit for that official does not enforce Florida’s growth management laws. Rather, the Secretary of Community Affairs appears to be the responsible official, as the Department of Community Affairs is the state land planning agency. See § 163.3164(20), Fla. Stat. See also §§ 163.3184(6), 380.032, Fla. Stat. (state land planning agency authorized to review all local proposed comprehensive plan amendments and developments of regional impact for compliance with statutory requirements).
In sum, Appellants are correct that the trial court should have granted the motion to dismiss all the defendants from the declaratory action because they are not proper parties. Appellees/Cross-Appel-lants argue that because neither the Governor nor the Secretary of State filed a notice of appeal, we must nonetheless uphold the summary judgment. They assert we can neither reverse the judgment entirely nor consider the substantive issues Appellants raise. Appellants counter that because none of the defendants was a proper party to the declaratory action, the trial court lacked subject matter jurisdiction over the entire matter, and the failure of the Governor and Secretary of State to appeal the summary judgment cannot give the court jurisdiction it otherwise did not have. We agree with Appellants.
Fundamentally, the trial court’s decision not to dismiss the Senate President, Speaker of the House, Governor and Secretary of State from the declaratory action was a determination by the court that it had subject matter jurisdiction to decide whether chapter 2009-96 is constitutional. “Even though the legislature has expressed its intent that the declaratory judgment act [chapter 86, Florida Stat *705 utes] should be broadly construed, there still must exist some justiciable controversy between adverse parties that needs to be resolved for a court to exercise its jurisdiction. Otherwise, any opinion on a statute’s validity would be advisory only and improperly considered in a declaratory action.” Martinez v. Scanlan, 582 So.2d 1167, 1170-71 (Fla.1991) (emphasis added). Inasmuch as none of the four named defendants was a proper party to the declaratory action below, there was no controversy between adverse parties before the court, and thus no subject matter jurisdiction. Just as a court cannot obtain subject matter jurisdiction by agreement or acquiescence of the parties, see Florida Export Tobacco Co. v. Dep’t of Revenue, 510 So.2d 936, 943 (Fla. 1st DCA 1987), the trial court in this case does not obtain jurisdiction it never had simply because two of the four defendants who should have been dismissed from the action have elected not to appeal. Cf. Martin Mem. Med. Ctr., Inc. v. Tenet Healthsystems Hosp., Inc., 875 So.2d 797, 799-801 (Fla. 1st DCA 2004) (court would not dismiss appeal from declaratory judgment finding statute unconstitutional where state agency and Attorney General did not appeal judgment but were proper parties to declaratory action and participated at trial level). We therefore REVERSE the corrected final summary judgment invalidating chapter 2009-096, Laws of Florida, and REMAND to the trial court to dismiss Appellees/Cross-Appellants’ complaint for declaratory and injunctive relief.
VAN NORTWICK and THOMAS, JJ., Concur.

. Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title. No law shall be revised or amended by *703 reference to its title only. Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection. The enacting clause of every law shall read: "Be It Enacted by the Legislature of the State of Florida:”.
Art. Ill, § 6, Fla. Const.
No county or municipality shall be bound by any general law requiring such county or municipality to spend funds or to take an action requiring the expenditure of funds unless the legislature has determined that such law fulfills an important state interest and unless: funds have been appropriated that have been estimated at the time of enactment to be sufficient to fund such expenditure; the legislature authorizes or has authorized a county or municipality to enact a funding source not available for such county or municipality on February 1, 1989, that can be used to generate the amount of funds estimated to be sufficient to fund such expenditure by a simple majority vote of the governing body of such county or municipality; the law requiring such expenditure is approved by two-thirds of the membership in each house of the legislature; the expenditure is required to comply with a law that applies to all persons similarly situated, including the state and local governments; or the law is either required to comply with a federal requirement or required for eligibility for a federal entitlement, which federal requirement specifically contemplates actions by counties or municipalities for compliance.
Art. VII, § 18(a), Fla. Const.

. Citing State v. Johnson, 616 So.2d 1 (Fla.1993), among other authorities, the trial court ruled the single-subject challenge became moot when the Legislature reenacted chapter 2009-96 and adopted it as part of the 2010 Florida Statutes.