PER CURIAM.
On this court’s own motion, the opinion dated May 9, 2011, is withdrawn and the following revised opinion is substituted therefor.
Petitioners — the Senate President and Speaker of the House — petition this court to quash a trial court’s denial of a motion to dismiss an action for declaratory relief, seeking to declare section 163.31801(5), Florida Statutes (2009), unconstitutional. The trial court denied the motion based on its finding that Petitioners were proper parties as the complaint challenged the process by which the bill was passed, not the statute’s contents. Specifically, the *578 complaint alleged Petitioners failed to adopt the bill in accordance with several state constitutional provisions which required passage by a two-thirds majority in each chamber. We find the lower court departed from the essential requirements of the law when it denied the motion to dismiss. We grant writ and quash the order.
A suit challenging the constitutionality of a statute must be brought against the state agency or department charged with enforcing the statute at issue. See Walker v. President of the Senate, 658 So.2d 1200 (Fla. 5th DCA 1995) (holding that the Senate President and Speaker of the House were not proper parties to a declaratory action challenging certain operations of the Department of Corrections); see also Atwater v. City of Weston, 64 So.3d 701 (Fla. 1st DCA 2011) (holding that the Senate President, Speaker of the House, Governor, and Secretary of State were not proper parties to a lawsuit challenging the constitutionality of the growth management statute). In other words, legislators are not proper parties to actions seeking a declaration of rights under a particular statute. See Walker, 658 So.2d at 1200; see also Atwater, 64 So.3d at 704.
In the instant case, Respondents filed a complaint against the Senate President and Speaker of the House (Petitioners) requesting the lower court declare section 163.31801(5) unconstitutional. Section 163.31801(5) provides that:
In any action challenging an impact fee, the government has the burden of proving by a preponderance of the evidence that the imposition or amount of the fee meets the requirements of state legal precedent or this section. The court may not use a deferential standard.
The four-count complaint alleged the statute violated the following state constitutional provisions: Article V, section 2 (providing that legislative changes to a court rule of practice and procedure must be adopted by a two-thirds vote in each chamber); Article II, section 3 (providing for the separation of powers); Article VII, section 18(a) (providing that “[n]o county or municipality shall be bound by any general law requiring such county or municipality to spend funds or take an action requiring the expenditure of funds” unless the legislature has, among other things, adopted the bill by a two-thirds vote in each chamber); and Article VII, section 18(b) (providing that “the legislature may not enact, amend, or repeal any general law if the anticipated effect of doing so would be to reduce the authority that municipalities and counties have to raise revenues in the aggregate[,]” unless such law is adopted by a two-thirds majority in each chamber). Despite Respondents’ attempts to distinguish this case as a challenge to the process by which the statute was adopted, rather than a challenge to the constitutionality of the statute, all four counts of the complaint are, in actuality, challenges to the statute’s contents.
The most obvious challenge occurs where Respondents argue that, by eliminating courts’ ability to use a deferential standard in their consideration of disputes over impact fees, the statute violates Article II, section 3, or the separation of powers. This is a direct attack on the statute’s contents.
With respect to the other counts alleged, whether or not the two-thirds vote requirement is triggered by the underlying statute is a question that goes to the statute’s substance. In other words, Respondents assume that, because the Bill Analysis and Fiscal Impact Statements prepared by Senate and House staff concluded that *579 the statute triggered the two-thirds requirement, the legislature was required to adopt the bill by a two-thirds majority in each chamber. However, the bill analyses are not dispositive of this issue. To determine whether the statute should have been passed in accordance with the two-thirds requirement, a court would need to consider whether such requirement was even implicated by the statute’s contents. Indeed, it is important to note that the bill analyses only addressed Article VII, section 18(b). Thus, a lower court would have to consider whether the statute’s contents required compliance with the remaining constitutional provisions cited in the complaint (i.e. Article V, section 2 and Article VII, section 18(a)). Consequently, Respondents’ attempts to distinguish this case on the basis that they are challenging how the statute was adopted, as opposed to its substance, are unpersuasive.
We find that Petitioners are not proper parties to the underlying action as they are not charged with enforcing the statute at issue. Because involving Petitioners in further litigation will negate this finding, thereby causing irreparable harm, and because the trial court departed from the essential requirements of law in finding that Petitioners were proper parties, we GRANT the petition and QUASH the order denying Petitioners’ motion to dismiss.
LEWIS, HAWKES and MARSTILLER, JJ., concur.