PER CURIAM.
Petitioner seeks prohibition to prevent the circuit court from exercising jurisdiction over its dispute with Respondent, its former employee. Petitioner argues that The Florida Public Employer Relations Commission (“PERC”) has exclusive jurisdiction over the matter because Respondent’s complaint merely alleges an unfair labor practice, a matter within the exclusive jurisdiction of PERC.
Petitioner filed a motion to dismiss Respondent’s complaint, raising the jurisdiction issue prior to filing an answer or any motion testing the legal sufficiency of the complaint. The complaint itself is not a model of clarity. Respondent alleged that he was wrongfully discharged from his position as a road maintenance employee in violation of the Collective Bargaining Agreement (“CBA”) between Petitioner and The International Brotherhood of Teamsters. The CBA prohibits discharges, except upon “just cause,” and provides a multiple-step grievance process that culminates in binding arbitration as the final step. In this case, Respondent alleges that he pursued the grievance through the penultimate step, which was resolved in Petitioner’s favor. Respondent further alleges that he requested binding arbitration, the final step, but it was not afforded to him. Respondent does not allege why he was not afforded binding arbitration, but his complaint seeks only a declaration that there was no just cause for his firing as well as money damages.
Petitioner correctly asserts that unfair labor practices claims fall within the exclusive jurisdiction of PERC. Browning v. Brody, 796 So.2d 1191 (Fla. 5th DCA 2001). The dilemma we have in addressing the issue here is that the complaint is too vague to determine the precise legal theory upon which it is based. For example, the complaint alleges violations of both *1027 “procedural” and “substantive” due process. As for the procedural due process claim, the complaint does not identify the source of the alleged property right, nor does it state how the alleged right was ostensibly violated. See McRae v. Douglas, 644 So.2d 1368 (Fla.1994) (complaint for procedural due process violation must sufficiently allege property right in employment).[1] Although Respondent admits that a due process claim is not the “heart” of his claim, he does not abandon that potential claim. On the other hand, Petitioner concedes that a due process claim would not fall within PERC’s exclusive jurisdiction but nevertheless agrees that Respondent does not make a due process claim. We agree with Petitioner on both points but cannot conclude at this procedural juncture that Respondent cannot assert a claim that falls within the jurisdiction of the circuit court. For that reason, we deny the petition.
PETITION DENIED.
PALMER, TORPY and JACOBUS, JJ., concur.

. The "substantive due process” claim does not appear to be available in this context. City of Lauderhill v. Rhames, 864 So.2d 432, 439 (Fla. 4th DCA 2003).