PER CURIAM.
Appellants, Palm Beach County Commissioners and Palm Beach County, appeal a partial final judgment in which the trial court dismissed with prejudice their claims for declaratory and injunctive relief against Appellees, the Florida Senate and the Florida House of Representatives, on the basis that neither was a proper defendant. We affirm. Neither legislative body has been designated as the enforcing authority of section 790.33, the statute at issue.[1] See Atwater v. City of Weston, 64 So.3d 701, 703 (Fla. 1st DCA 2011) (“The proper defendant in a lawsuit challenging a statute’s constitutionality is the state official designated to enforce the statute.”). Nor does the declaratory action at issue in this ease involve a duty or responsibility of the State implicating specific responsibilities of Appellees. See id. at 704 (holding that the trial court erred in not dismissing the Senate President and House Speaker from the lawsuit seeking to invalidate an act relating to growth management because the declaratory action did not in *449 volve a broad constitutional duty of the State implicating specific responsibilities of the appellants). Cf. Coal. for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles, 680 So.2d 400, 402-03 (Fla.1996) (holding that the Florida Senate and Florida House, acting through their respective presiding officers, were proper parties in the action seeking a declaration that the State failed to provide its students the fundamental right to an adequate education by not allocating adequate resources); Brown v. Butterworth, 831 So.2d 683, 684-90 (Fla. 4th DCA 2002) (noting that three members of Congress and a qualified voter filed a declaratory judgment action challenging the Florida Legislature’s reapportionment of their Congressional districts and explaining that “[wjhile we agree that the President of the Florida Senate is not an indispensable party to this gerrymandering claim, we nevertheless do hold that he is a proper party, one certainly with a cognizable interest in the action”).
AFFIRMED.
LEWIS, ROBERTS, and ROWE, JJ., concur.

. In 1987, the Legislature declared in section 790.33 that it was "occupying the whole field of regulation of firearms and ammunition” in Florida to the exclusion of all existing and future county, city, town, or municipal ordinances. In 2011, the Legislature amended the statute to include various penalties for any person or entity violating its occupation of the field of regulation of firearms and ammunition. See § 790.33(3), Fla. Stat. (2011).