IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICK SCOTT, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF
THE STATE OF FLORIDA,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

CASE NO. 1D16-3942

v.

GAIL FRANCATI,

Respondent.

_____/

Opinion filed March 20, 2017.

Petition for Writ of Prohibition.

Pamela Jo Bondi, Attorney General, and Rachel Nordby, Deputy Solicitor General, Tallahassee, for Petitioner.

Joanna Greber Dettloff, Gary L. Wimbish, and Megan L. Gisclar of Wilkes & McHugh, Tampa, for Respondent.

ROWE, J.

Governor Rick Scott petitions this Court for a writ of prohibition to bar further proceedings in the trial court because he is not a proper defendant and because no justiciable case or controversy exists. For the reasons that follow, we grant the petition.

## Background

Gail Francati, a former nursing home resident, seeks a declaration regarding the constitutionality of the 2014 amendments to section 400.023, Florida Statutes. Francati argues that the amendments violate the separation of powers doctrine by creating new procedural rules singling out nursing home residents and violate her right to access to courts by limiting the parties that can be named as defendants in an action brought by a nursing home resident alleging negligence or a violation of residents' rights. She named the State of Florida and Rick Scott, in his capacity as Governor, as defendants in her complaint. Governor Scott and the State moved to dismiss the complaint on two grounds: (1) they were not proper parties to the suit; and (2) the complaint failed to state an actual case or controversy. After a hearing, the trial court granted the State's motion to dismiss but ruled that Francati's suit against Governor Scott could proceed. Governor Scott petitions this Court for a writ of prohibition to prevent further proceedings in the circuit court.

## Whether the Governor is a Proper Defendant

The determination of whether a state official is a proper defendant in a declaratory action challenging the constitutionality of a statute is governed by three factors. The determination begins with ascertaining whether the named state official is charged with enforcing the statute. Haridopolos v. Alachua Cty., 65 So. 3d 577, 578 (Fla. 1st DCA 2011); see also Marcus v. State Senate for the State, 115 So. 3d 448, 448 (Fla. 1st DCA 2013) (holding that state legislators were not proper parties

to an action challenging a statute that preempted county and municipal regulation of firearms and ammunition because the legislators were not designated as the enforcement authority); Walker v. President of the Senate, 658 So. 2d 1200 (Fla. 5th DCA 1995) (holding that the Senate President and Speaker of the House were not proper parties to a declaratory action challenging certain operations of the Department of Corrections). If the named official is not the enforcing authority, then courts must consider two additional factors: (1) whether the action involves a broad constitutional duty of the state implicating specific responsibilities of the state official; and (2) whether the state official has an actual, cognizable interest in the challenged action. Atwater v. City of Weston, 64 So. 3d 701, 703 (Fla. 1st DCA 2011); see also Coal. for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles, 680 So. 2d 400, 403 (Fla. 1996) (holding that the governor was a proper party to an action challenging the failure to adequately fund the public education system due to his position as chief executive officer and chairperson of the Board of Education); Brown v. Butterworth, 831 So. 2d 683, 689-90 (Fla. 4th DCA 2002) (holding that the attorney general and the president of the Florida Senate were proper parties to an action challenging the constitutionality of a redistricting plan). Applying these factors to Francati's complaint, we conclude that Governor Scott is not a proper defendant to her suit.

Specifically, Francati challenges the constitutionality of section 400.023(3), Florida Statutes (2015), which provides:

(3) A cause of action may not be asserted against an individual or entity other than the licensee, the licensee's management or consulting company, the licensee's managing employees, and any direct caregivers, whether employees or contractors, unless, after a motion for leave to amend hearing, the court or an arbitration panel determines that there is sufficient evidence in the record or proffered by the claimant to establish a reasonable showing that:

(a) The individual or entity owed a duty of reasonable care to the resident and that the individual or entity breached that duty; and

(b) The breach of that duty is a legal cause of loss, injury, death, or damage to the resident.

For purposes of this subsection, if, in a proposed amended pleading, it is asserted that such cause of action arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the proposed amendment relates back to the original pleading.

A review of the statute reveals that Governor Scott is not charged with enforcing the statute. Indeed, Francati never argues that Governor Scott is an enforcing authority under the statute. Neither does she allege that the nursing home pre-suit statute involves a broad constitutional duty of the state implicating specific responsibilities of Governor Scott or that Governor Scott has an actual, cognizable interest in the challenged action. Rather, Francati argues that she is not required to demonstrate any of these factors because, unlike the statutes challenged in Marcus, Haridopolos, Atwater, and Walker, the statute challenged in her declaratory action is self-executing. She posits that the Governor is a proper defendant in a suit challenging the constitutionality of a self-executing statute by virtue of his general executive duty to execute and enforce the laws of Florida. We find no merit in this argument.

4

While we recognize that Atwater involved a statute that identified a specific enforcement authority, the holding in that case is equally applicable to an action challenging the constitutionality of a self-executing statute, such as section 400.023. The question of whether a state official is a proper defendant to a suit challenging the constitutionality of a statute does not turn on whether the statute is self-executing. Rather, as our court instructed in Atwater, our analysis focuses on whether the named defendants have an actual interest in the outcome of the lawsuit, necessary for the court to exercise its jurisdiction to render a declaratory judgment:

> Even though the legislature has expressed its intent that the declaratory judgment act [chapter 86, Florida Statutes] should be broadly construed, there still must exist some justiciable controversy *between adverse parties* that needs to be resolved for a court to exercise its jurisdiction. Otherwise, any opinion on a statute's validity would be advisory only and improperly considered in a declaratory action.

Id. at 704-05 (quoting Martinez v. Scanlan, 582 So. 2d 1167, 1170-71 (Fla. 1991)) (emphasis in original).

Contrary to Francati's assertion and the trial court's order, the Governor's general executive power, standing alone, does not render him a proper defendant in a challenge to the constitutionality of a self-executing statute. Harris v. Bush, 106 F.Supp.2d 1272, 1276-77 (N.D. Fla. 2000). Article IV, section 1 of the Florida Constitution requires Governor Scott, as Chief Executive Officer of the State, "to take care that the laws be faithfully executed." It is absurd to conclude that the Governor's general executive power under the Florida Constitution is sufficient to

make him a proper defendant whenever a party seeks a declaration regarding the constitutionality of a state law. Women's Emergency Network v. Bush, 323 F.3d 937, 949 (11th Cir. 2003) ("If a governor's general executive power provided a sufficient connection to state law to permit jurisdiction over him, any state statute could be challenged simply by naming the governor as a defendant."). With regard to Francati's action, Governor Scott has no enforcement authority over the statute she challenges. And there is no relief the court could order Governor Scott to provide to remedy the constitutional violation alleged in the complaint. Where it is clear, as here, that the plaintiff cannot allege any proper basis for naming the Governor as a party defendant, the court should decline to assert jurisdiction.

### Whether Francati Has Alleged a Justiciable Controversy

Governor Scott also argues that the trial court lacks subject matter jurisdiction over this case because Francati failed to allege a justiciable controversy that would entitle her to declaratory relief. "Declaratory judgment is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction." Yell v. Healthmark of Walton, Inc., 772 So. 2d 568, 570 (Fla. 1st DCA 2000). Thus, Francati was required to allege a justiciable controversy before the trial court could reach the merits of her constitutional claim. Apthorp v. Detzner, 162 So. 3d 236, 240 (Fla. 1st DCA 2015). Specifically, Francati was required to allege "a present controversy based on articulated facts which demonstrate a real threat of immediate injury." Id.

6

Although she has been presented with multiple opportunities to do so, Francati fails to allege a violation of section 400.023. She does not allege that an individual or entity - other than the licensee, the licensee's management or consulting company, the licensee's managing employees, and any direct caregivers, whether employees or contractors - breached a duty of reasonable care that caused her to suffer some sort of injury or loss. Instead, Francati contends that her complaint alleges a present controversy because section 400.023 directs the procedures she must follow, takes away her common law right to bring a suit for negligence, and limits her remedies in violation of her constitutional rights of due process and access to courts. These general allegations are insufficient to demonstrate a justiciable controversy. "To be entitled to a declaratory judgment, 'the dispute must be justiciable in the sense that it is based upon some definite and concrete assertions of right, the contest therefore involving the legal or equitable relations of parties having adverse interests with respect to which the declaration is sought.'" Id. at 241 (quoting Colby v. Colby, 120 So. 2d 797, 799 (Fla. 2d DCA 1960)). Francati merely raises a general challenge to the constitutionality of section 400.023; she fails to allege any concrete injury or how the statute actually infringes on any of her rights. These deficiencies in her complaint prevent her from presenting a justiciable controversy and deprive the trial court of subject matter jurisdiction.[*]

_____

[*] Dismissal of the action against Governor Scott does not deprive Francati of a means of testing the constitutionality of the statute. She may bring suit against a specific

7

## Prohibition is an Appropriate Remedy in this Case

"Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." Mandico v. Taos Const., Inc., 605 So. 2d 850, 853 (Fla. 1992). Prohibition "does not lie to prevent mere error in the exercise of the inferior tribunal's jurisdiction." Haridopolos v. Citizens for Strong Sch., Inc., 81 So. 3d 465, 468 (Fla. 1st DCA 2011). The supreme court has explained:

> prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal's ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine.

Id. (citing English v. McCray, 348 So. 2d 293, 297 (Fla. 1977)).

Rather, prohibition must be used "only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy." Id. Thus, the writ has very limited application:

> Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction. It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done.

---

defendant, who she alleges has acted negligently or violated residents' rights. Should that defendant then move to dismiss the suit by invoking the statute, Francati could then argue that the statute is unconstitutional as applied.

8

<u>Roberts v. Brown</u>, 43 So. 3d 673, 677-78 (Fla. 2010) (quoting <u>English</u>, 348 So. 2d at 296-97).  And with regard to appellate review of non-final orders not designated as appealable under Florida Rule of Appellate Procedure 9.130(a)(3), such as motions to dismiss, the supreme court has admonished that extraordinary relief is available only in very limited circumstances.  <u>Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.</u>, 104 So. 3d 344, 349 (Fla. 2012).  Those circumstances include when another court or administrative body has jurisdiction over the subject matter, when the trial court proceeds in a case where it has lost jurisdiction, and when the order on review turns on an issue of law and the trial court lacks subject matter jurisdiction.

First, a writ of prohibition may be granted when a trial court acts outside of its jurisdiction.  For example, prohibition is appropriate when another court or administrative body has jurisdiction over the subject matter.  <u>Roberts</u>, 43 So. 3d at 673 (granting a writ of prohibition challenging the denial of a motion to dismiss a pre-election challenge to a proposed citizen-initiative amendment because the supreme court has exclusive jurisdiction over such matters); <u>Dep't of Agric. & Consumer Servs. v. Bonanno</u>, 568 So. 2d 24 (Fla. 1990) (granting a writ of prohibition challenging the denial of a motion to dismiss a citrus canker lawsuit because the state removed jurisdiction over those cases from the circuit court and required them to be heard through the administrative hearings process); <u>Durham v. Butler</u>, 89 So. 3d 1023 (Fla. 3d DCA 2012) (granting a writ of prohibition

9

challenging the trial court's denial of a motion to dismiss a paternity complaint because a similar action was still pending in a Missouri court).

Second, prohibition is appropriate when the circuit court attempts to proceed in a case when it has lost jurisdiction. State, Dep't of Highway Safety & Motor Vehicles v. Lopez, 188 So. 3d 95 (Fla. 3d DCA 2016) (granting a writ of prohibition where the trial court lost jurisdiction over a case after the plaintiff failed to challenge a ruling within the statutory timeframe); Travelers Cas. & Sur. Co. of Am. v. Culbreath Isles Prop. Owners Ass'n, 103 So. 3d 896 (Fla. 2d DCA 2012) (granting a writ of prohibition where the trial court exceeded its jurisdiction by allowing a party to proceed on a supplemental third-party claim filed after entry of final judgment).

Finally, prohibition is a proper remedy when the order being reviewed turns on an issue of law, the facts are uncontroverted, and the lower tribunal is poised to proceed without subject matter jurisdiction. Nikolits v. Hanna, 92 So. 3d 299 (Fla. 4th DCA 2012) (granting a writ of prohibition where it was undisputed that the plaintiffs failed to comply with a statutory requirement to bring a suit to challenge a tax assessment); DHL Express (USA), Inc. v. State, ex rel. Grupp, 60 So. 3d 426, 428 (Fla. 1st DCA 2011) (granting a writ of prohibition where there was no disputed issue of fact and it was clear that the court lacked subject matter jurisdiction over the proceeding). On the other hand, when the question of the trial court's jurisdiction rests on controverted facts and the court has jurisdiction to make a factual

10

determination, a writ of prohibition may not be granted.  See Dressler v. Dressler, 967 So. 2d 1009, 1010 (Fla. 4th DCA 2007) (denying a writ of prohibition in a dissolution of marriage proceeding because any attack on the validity of the parties' marriage would not affect the trial court's subject matter jurisdiction).

We conclude that the third circumstance is present here.  Governor Scott seeks to prevent more than a mere error in the exercise of the trial court's jurisdiction; rather, he seeks to prevent the trial court from proceeding in a case where it lacks subject matter jurisdiction and where no amendment to Francati's complaint would cure the jurisdictional defects of lack of a proper defendant and lack of a justiciable controversy.  Cf. Hernando Cty. v. Mills, 114 So. 3d 1026, 1027 (Fla. 5th DCA 2012) (denying a writ of prohibition where it was possible that a complaint could be amended to assert a claim that would fall within the jurisdiction of the circuit court). Francati has failed to allege a justiciable claim, and she cannot argue, in good faith, that she can allege any of the factors enunciated in Atwater that would allow her to name the Governor as a defendant in her constitutional challenge to section 400.023. Under this unique set of facts, we find that prohibition is warranted to prevent the trial court from exceeding its jurisdiction and to afford Governor Scott adequate relief.  Accordingly, we GRANT the petition for writ of prohibition and QUASH the order denying Governor Scott's motion to dismiss.

RAY, and M.K. THOMAS, JJ., CONCUR.