# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4536

_____

LAURI BURRIS, GREGORY F. BURRIS, DOUGLAS O. ROWE, RONALD E. BROWN, JR., JACOB CHAPMAN, and MELISSA BURRIS,

 Petitioners,

 v.

STATE OF FLORIDA,

 Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.

November 6, 2018

ON MOTION FOR CLARIFICATION

PER CURIAM.

We grant the motion for clarification. Our prior opinion is withdrawn and the following opinion is substituted in its place:

The petition for writ of prohibition is denied. As to the application of chapter 499, Florida Statutes (2015), Petitioners have not shown that the trial court is attempting to act in excess of its jurisdiction. *See Scott v. Francati*, 214 So. 3d 742, 748 (Fla. 1st DCA 2017) (noting that "[p]rohibition is an extraordinary writ by which a superior court may prevent an inferior court . . . from acting outside its jurisdiction" (quoting *Mandico v. Taos Const.*,

*Inc.*, 605 So. 2d 850, 853 (Fla. 1992))). Going forward in the trial court, it will be the State's burden to prove its charges that the substances allegedly misbranded by the Petitioners were drugs for purposes of chapter 499. *See* § 499.003(18), Fla. Stat. (2015) (defining a "drug" as that term is used in Part I of the Florida Drug and Cosmetic Act).

WOLF, OSTERHAUS, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Mitchell A. Stone, Jacksonville Beach, H. Franklin Robbins, Jr., Orlando, and Steven G. Mason, Altamonte Springs, for Petitioners.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Respondent.