# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-966
_____

HONORABLE RICK SCOTT,
individually and in his capacity
as Governor of Florida,

    Petitioner,

    v.

DONALD HINKLE,

    Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.

November 30, 2018

PER CURIAM.

Donald Hinkle filed a complaint in circuit court challenging the annual financial disclosures that Florida Governor Rick Scott has filed with the Florida Commission on Ethics. The Governor moved to dismiss the circuit court case, arguing that only the Commission has jurisdiction to review his complaint. After the circuit court denied the motion to dismiss, the Governor sought a writ of prohibition in this court to prevent the circuit court from exercising jurisdiction. Because we agree that under article II, section 8(f) of the Florida Constitution, only the Commission has constitutional authority to investigate Mr. Hinkle's complaint, we grant the petition.

*Background*

The "Ethics in government" provision in article II of the Florida Constitution provides that "[a] public office is a public trust." Art. II, § 8, Fla. Const. It affords the people "the right to secure and sustain that trust against abuse." *Id.* One of the ways the Florida Constitution protects against abuse of the public trust is by requiring "[a]ll elected constitutional officers . . . [to] file full and public disclosure of their financial interests." *Id.* § 8(a). In disclosures made annually, public officers must report things like their net worth, the value of their assets and liabilities, their income and sources of income, and their business interests. *See* § 112.3144, Fla. Stat. (2018); *Form 6 2017, Full and Public Disclosure of Financial Interests*, FLA. COMM'N ON ETHICS, http://www.ethics.state.fl.us/financialdisclosure/downloadaform.aspx (last visited Oct. 29, 2018). Once a disclosure is filed with the Commission, it becomes subject to public scrutiny and possible complaints. *See Search for Financial Disclosure Filers*, FLA. COMM'N ON ETHICS, http://public.ethics.state.fl.us/search.cfm (last visited Oct. 29, 2018).

This case involves a public complaint about financial disclosures made by the Governor. Mr. Hinkle asserts that the Governor reported to the Commission opaque revocable trusts and partnerships in a way that impedes meaningful public disclosure of his financial interests. Mr. Hinkle filed three complaints with the Commission in 2017 concerning the Governor's disclosures. But the Commission dismissed each one as legally insufficient. *See* § 112.324(3), Fla. Stat.; Fla. Admin. Code R. 34-5.002. At that point, Mr. Hinkle filed his complaint about the Governor's financial disclosures in circuit court. There, he sought a declaratory judgment that the Governor failed to disclose all his financial assets as constitutionally required, as well as injunctive relief.

The Governor moved to dismiss the circuit court complaint, arguing that only the Commission has jurisdiction to review complaints involving financial disclosures under article II, section 8(f) of the Florida Constitution. The issue reached this court after the circuit court denied the Governor's motion, and the Governor

2

filed a writ of prohibition petition challenging the circuit court's jurisdiction.

*Analysis*

The Florida Constitution gives this court authority to issue writs of prohibition. Art. V, §4(b)(3), Fla. Const. "Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." *Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 853 (Fla. 1992). Subject matter jurisdiction is the "[p]ower of a particular court to hear the type of case that is then before it" or "jurisdiction over the nature of the cause of action and relief sought." *Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988) (quoting *Black's Law Dictionary* 767 (5th ed. 1979)). It "means no more than the power lawfully existing to hear and determine a cause." *Malone v. Meres*, 109 So. 677, 684 (Fla. 1926). Although a writ of prohibition is meant to be employed "with great caution and utilized only in emergencies," *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977), it "may be granted when a trial court acts outside of its jurisdiction. For example, prohibition is appropriate when another court or administrative body has jurisdiction over the subject matter." *Scott v. Francati*, 214 So. 3d 742, 749 (Fla. 1st DCA 2017), *review denied sub nom. Francati v. Scott*, No. SC17-730, 2017 WL 2991836 (Fla. July 14, 2017). *See also Roberts v. Brown*, 43 So. 3d 673 (Fla. 2010) (granting prohibition in a matter in which the Florida Supreme Court possessed exclusive jurisdiction); *Dep't of Agric. & Consumer Servs. v. Bonanno*, 568 So. 2d 24, 29 (Fla. 1990) (granting prohibition to keep the circuit court from exercising jurisdiction over citrus canker cases within the exclusive jurisdiction of the Department of Agriculture and Consumer Services).

This case turns on the role that the Florida Constitution assigns to the Florida Commission on Ethics. When reviewing constitutional provisions, "this Court must examine the actual language used in the Constitution. If that language is clear, unambiguous, and addresses the matter in issue, then it must be enforced as written." *Graham v. Haridopolos*, 108 So. 3d 597, 603

(Fla. 2013) (quoting *Crist v. Fla. Ass'n of Criminal Def. Lawyers, Inc.*, 978 So. 2d 134, 139-40 (Fla. 2008)).

The Florida Constitution establishes the Commission with "independent" authority to investigate and report on "all complaints" involving public officer/public trust issues: "There shall be an independent commission to conduct investigations and make public reports on *all complaints* concerning breach of public trust by public officers or employees not within the jurisdiction of the judicial qualifications commission." Art. II, § 8(f), Fla. Const. (emphasis added); *see also* § 8(i)(3) (identifying the commission referred to in (f) as the "Florida Commission on Ethics").

From this grant of authority, part III of chapter 112, Florida Statutes, implements article II, section 8 by setting forth detailed procedures under which the Commission is to investigate and report violations to the proper disciplinary official or body with the power to invoke the chapter's disciplinary provisions. *See* §§ 112.317, 112.324, Fla. Stat. To carry out these duties, section 112.322 provides the Commission with authority to conduct hearings, receive oral or written testimony, issue advisory opinions, subpoena and audit records, compel the attendance and testimony of witnesses, and administer oaths. *See also Comm'n on Ethics v. Sullivan*, 489 So. 2d 10, 11-13 (Fla. 1986) (discussing the Commission's authority). With respect to the Governor in particular, if the Commission finds a violation and recommends a penalty, it must report its "findings and recommendation of disciplinary action to the Attorney General, who shall have the power to invoke the penalty provisions of [chapter 112]." § 112.324(7), Fla. Stat. Florida law thus makes the Commission the "guardian of the standards of conduct" with respect to the financial disclosure-related allegations in this case. § 112.320, Fla. Stat.

In contrast with the explicit authority granted to the Commission over public trust-related complaints in the Florida Constitution and statutes, there is no secondary complaint-resolving authority granted to Florida's circuit courts, or to any other entity. In fact, the only "Judicial review" provided for by law in this area is of a "final action by the commission . . . in a district court of appeal." § 112.3241, Fla. Stat. *See also Latham v. Fla.*

4

*Comm'n on Ethics*, 694 So. 2d 83, 87 (Fla. 1st DCA 1997) (recognizing the judiciary to have "no right to intervene" in chapter 112 processes).

For these reasons, we conclude that Florida law assigns exclusive jurisdiction to the Commission to review "all" complaints, including Mr. Hinkle's complaint. "[A]ll complaints," in article II, section 8(f), means *all* complaints. *Cf. City of Clearwater v. BayEsplanade.com, LLC*, 251 So. 3d 249, 255 (Fla. 2d DCA 2018), *reh'g denied* (Aug. 21, 2018) (holding that "all lands" means "all lands"). When the Florida Constitution prescribes the manner of doing something, doing it in a different manner is prohibited. *See Sullivan v. Askew*, 348 So. 2d 312, 315 (Fla. 1977); *Weinberger v. Bd. of Pub. Instruction*, 112 So. 253, 256 (Fla. 1927). And here, where the circuit court has assumed improper authority over a matter outside of its jurisdiction, and with another administrative body having been granted explicit jurisdiction by the Florida Constitution and the statutory scheme to review the complaint, it is appropriate to grant a writ of prohibition.

### *Conclusion*

Accordingly, the petition for writ of prohibition is GRANTED to preclude the circuit court from taking any further action other than to dismiss the proceedings below. We trust that the circuit court will comply with our direction and therefore withhold issuance of the writ.

ROWE, OSTERHAUS, and BILBREY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Daniel E. Nordby, General Counsel, and Meredith L. Sasso, Deputy General Counsel, Executive Office of the Governor, Tallahassee, for Petitioner.

Donald M. Hinkle, Hinkle & Foran, Tallahassee, for Respondent.